SEALED

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
2010 JUL 26 PM 1:52
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. Meredith Monahan Deane, Relator, | |
| STATE OF CALIFORNIA ex rel., Meredith Monahan Deane, Relator, | **CIVIL ACTION** |
| | **NO.** 10-2085 |
| STATE OF COLORADO ex rel., Meredith Monahan, Deane, Relator, | **SECTION:** SECT. N MAG 2 |
| | **MAGISTRATE:** |
| STATE OF CONNECTICUT ex rel., Meredith Monahan Deane, Relator, | **COMPLAINT UNDER THE FEDERAL AND FALSE CLAIMS ACT** |
| STATE OF DELAWARE ex rel., Meredith Monahan Deane, Relator, | **JURY TRIAL REQUESTED** |
| DISTRICT OF COLUMBIA ex rel., Meredith Monahan Deane, Relator, | **FILED IN CAMERA AND UNDER SEAL** |
| STATE OF FLORIDA ex rel., Meredith Monahan Deane, Relator, | **DO NOT PLACE IN PRESS BOX** **DO NOT ENTER ON PACER** |
| STATE OF GEORGIA ex rel., Meredith Monahan Deane, Relator, | |
| STATE OF HAWAII ex rel., Meredith Monahan Deane, Relator, | |
| STATE OF ILLINOIS ex rel., Meredith Monahan Deane, Relator, | |
| STATE OF INDIANA ex rel., Meredith Monahan Deane, Relator, | |
| STATE OF LOUISIANA ex rel., Meredith Monahan Deane, Relator, | |
| STATE OF MASSACHUSETTS ex rel., Meredith Monahan Deane, Relator, | |
| STATE OF MICHIGAN ex rel., Meredith Monahan Deane, Relator, | |

✓ Fee 350
✓ Process
X Dktd
CtRmDep
Doc. No.

STATE OF MONTANA ex rel., Meredith Monahan Deane, Relator,

STATE OF NEVADA ex rel., Meredith Monahan Deane, Relator,

STATE OF NEW HAMPSHIRE ex rel., Meredith Monahan Deane, Relator,

STATE OF NEW JERSEY ex rel., Meredith Monahan Deane, Relator,

STATE OF NEW MEXICO ex rel., Meredith Monahan Deane, Relator,

STATE OF NEW YORK ex rel., Meredith Monahan Deane, Relator,

STATE OF NORTH CAROLINA ex rel., Meredith Monahan Deane, Relator,

STATE OF OKLAHOMA ex rel., Meredith Monahan Deane, Relator,

STATE OF RHODE ISLAND ex rel., Meredith Monahan Deane, Relator,

STATE OF TENNESSEE ex rel., Meredith Monahan Deane, Relator,

STATE OF TEXAS ex rel., Meredith Monahan Deane, Relator,

STATE OF VIRGINIA ex rel., Meredith Monahan Deane, Relator,

STATE OF WISCONSIN ex rel., Meredith Monahan Deane, Relator,

Plaintiffs,

v.

DYNASPLINT SYSTEMS, INC.,

Defendant.

# ORIGINAL COMPLAINT UNDER THE FALSE CLAIMS ACT

Relator, Meredith Deane, brings this complaint against the Defendant herein and on behalf of the United States of America, its departments and agencies, including the Department of Health and Human Services ("DHHS"), and the States of California, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Louisiana, Massachusetts, Michigan, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Virginia and Wisconsin, showing the Court as follows:

## Jurisdiction

1. This case is brought by the Relator against the Defendant pursuant to the Federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

2. Under §3732 of the FCA, this Court has jurisdiction over actions brought under the FCA and concurrent jurisdiction over state claims arising from the transactions giving rise under the FCA. Furthermore, jurisdiction over this action is conferred on this Court by 28 U.S.C. § 1331 because this civil action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over all other claims set forth in this Complaint because these claims are so related to the claims arising under the federal False Claims Act that they form part of the same case or controversy. *See* 28 U.S.C. § 1367.

## Venue

4. Venue lies in this district under 31 U.S.C. § 3732(a) because at least one of the Defendants can be found in this district, the Defendant transacts business in this district, and one or more acts proscribed by 31 U.S.C. § 3729 *et seq.* occurred in this district, and venue is also proper pursuant to 28 U.S.C. § 1391(b)(c) because at least one of the Defendant transacts

business in this district. More specifically, the neurological division headquarters of Defendant Dynasplint Systems, Inc. is located in St. Rose, Louisiana in the Eastern District of Louisiana.

5. The Plaintiff, the United States of America, by and through its Department of Health and Human Services ("DHS"), particularly the Centers for Medicaid and Medicaid Services ("CMS") within DHS, is responsible for administering federal health programs, including Medicare and Medicaid.

**The Federal Health Care Programs**

6. In 1965, Congress enacted Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, known as the Federal Medicare Program which authorizes medical benefits for the aged, blind, and disabled. Medicare is a health financing program for the elderly. Entitlement to Medicare is based on aged, disability, or affliction with end-renal disease. See 42 U.S.C. §§ 426, 426(a). Part A of the Medicare Program authorizes payment for institutional care, including treatment of eligible individuals in various specialty units.

7. Title XIX of the Social Security Act was enacted by Congress to establish the Medicaid Program. See 42 U.S.C. §§ 1396-1396(v). Medicaid is funded by both federal and state money, with the federal contribution capsulated separately for each state. See 42 U.S.C. §§ 1396(d) & 1396(D)(b).

8. DHS is responsible for the administration and supervision of the Medicare Program. CMS is an agency of DHS and is directly responsible for the administration of the Medicare Program as well as the federal implementation of Medicaid.

9. Upon information and belief, the Defendant derives a substantial portion of their revenue from the Medicare Program, as well as that of the Medicaid Programs.

10. Medicare is divided into multiple parts. Part A of the Medicare Program authorizes

payment for institutional care such as hospitalizations, including treatment of eligible individuals in specialty units or other types of facilities. Medicare Part B covers physician services and outpatient care, including an individual's access to durable medical equipment ("DME"), such as orthotic devices sold by Defendant Dynasplint Systems, Inc.

11. Orthotic devices are a type of DME that includes rigid and semi-rigid devices such as foot braces, ankle-foot braces, knee braces, leg braces, cervical braces, back braces, shoulder braces, elbow braces, hand braces, neck braces, head-neck braces, and quad canes (collectively hereinafter referred to as ("Orthotics").

12. Individuals who qualify for Medicare benefits are commonly referred to as Medicare "Beneficiaries." Each Beneficiary is given a unique Medicare identification number.

13. DME companies, pharmacies, physicians, and other healthcare providers that provide services to Medicare beneficiaries are referred to as Medicare "Providers." In order to participate in Medicare, Providers are required to submit an application which the Providers agree to comply with all Medicare-related laws and regulations. If Medicare approves a Provider's application, Medicare assigns the Provider a Medicare Provider number. Any healthcare provider with a Medicare Provider number may file claims with Medicare to obtain reimbursement for services rendered to Beneficiaries.

14. Medicare reimburses DME companies and other healthcare providers for services rendered to Beneficiaries. Medicare will generally pay reimbursement for DME and related medications only if they were prescribed by the Beneficiary's physician and were medical necessary to the treatment of the Beneficiary's illness or injury.

15. To receive reimbursement from Medicare, Providers must submit or cause the submission of claims to Medicare for payment of services to Beneficiaries, either directly or through a

billing company.

16. CMS contracts with Durable Medical Equipment Regional Carriers ("DMERCs") to provide Medicare benefits and process claims for reimbursement. The DMERCs that process and pay Medicare claims vary from state to state depending on which entity is contracted to process that region's claims.

17. In order to bill Medicare for services rendered, a Provider must submit a claim Form 1500 to the DMERC. When a Form 1500 is submitted, usually in electronic form, the Provider certifies: (1) that the contents of the form are true, correct, and complete; and (2) that the form was prepared in compliance with all laws and regulations governing Medicare; and (3) that the contents of the claim were medically necessary.

18. A Medicare claim for DME reimbursement is required to set forth, among other things, the Beneficiary's name, unique Medicare identification number, the equipment or medicine provided to the Beneficiary, the date the equipment or medicine was provided, the cost of the equipment or medicine, and the unique physician identification number of the physician who prescribed or ordered the equipment or medicine.

19. Medicare publishes a claims processing manual which sets forth the guidelines and requirements for a Medicare provider as to what services may or may not be billed, and in what settings a claim for orthotics may be billed.

20. Specifically, Chapter 20 of the Medicare Processing Manual deals with durable medical equipment, prosthetics, orthotics, and supplies ("DMPOS"), as codified in the Federal Regulations at 42 C.F.R. § 400.202. The Medicare Processing Manual clearly states that "DME, prosthetics, orthotic devices (except customized devices in a SNF) supplies, and oxygen used during a Part A covered stay for hospital and Skilled Nursing Facility ("SNF") in-patients are

included in the in-patient Prospective Payment System ("PPS") and are not separately billable.

## THE DEFENDANT

21. Defendant Dynasplint Systems, Inc. is a corporation with its Corporate Headquarters located in Severna, Maryland and has several divisions, including its Neurological division, located at 1000 Riverbend Blvd, Suite G, St. Rose, Louisiana 70087. Among other things, Dynasplint bills Medicare and Medicaid for orthotics.

## THE RELATOR

22. Relator Meredith Monahan Deane is a former sales executive for Dynasplint Systems from 2006 until early 2010. Relator was employed by the neurological division of Dynasplint which was based in the New Orleans area, specifically in St. Rose, Louisiana.

23. Relator's primary territories were Northern Kentucky, Cincinnati, and Dayton, Ohio. Relator sold Dynasplint orthotic devices in this three state territory.

24. Relator estimates that 85 percent of the facilities that she detailed were Skilled Nursing Facilities ("SNFs").

25. Medicare published designated "Place of Service Codes" to be used to identify the type of facility in which a service was provided.

26. A SNF is defined by Medicare as "a facility which primarily provides inpatient skilled nursing care and related services to patients who require medical, nursing, or rehabilitative services but does not provide the level of care or treatment available in hospital" and is assigned the code number 31.

27. A Custodial Care Facility is defined by Medicare as "a facility which provides room, board and other personal assistance services, generally on a long-term basis, and which does not include a medical component" and is assigned the code number 33.

28. Because the sale of Dynasplint Systems to SNF patients were covered under Part A of Medicare, they needed to be included and paid for by the facility as part of the daily rates Medicare reimburses such SNFs.

29. As a result of this, many SNFs do not use Dynasplint products as they are too expensive and not separately reimbursable by Medicare.

30. Relator has personal knowledge that Dynasplint is knowingly coding the place of service on the HCFA Form 1500, particularly Question 24B regarding the location of the service, as a Custodial Care Facility instead of a Skilled Nursing Facility. This important change would allow Dynasplint to bill Medicare directly under their Medicare Part B provider number for the orthotics, even though the patients are being provided these units in a SNF being reimbursed under Medicare Part A or Medicaid.

31. A SNF resident's orthotics may not be billed directly to Medicare Part B for a Dynasplint system while they are being treated at that facility as a separate charge. Instead, the charge must be included by the various SNF at their cost which is reimbursed by Medicare on a flat daily rate.

32. Relator has seen patient Explanation of Benefit Forms ("EOBs") that the splints provided by Defendant Dynasplint were billed as being dispensed at Custodial Care Facilities, even though the patients were actually in a SNF.

33. During the 3 1/2 years that Relator served as a sales person for Dynasplint, all of her Skilled Nursing Facility business was generated either by a physical therapist, occupational therapist, or the nursing manager. Upon her information and belief and her sales records, none of her patients were ever non-skilled or "custodial."

34. Relator has had discussions with representatives of other orthotic companies who have inquired of her how she was able to provide dynamic splints to SNFs, even though Medicare

does not pay separately for those splints.

35. As a result of these inquiries, Relator began to question her superiors at Dynasplint who refused to answer her direct questions.

36. In June of 2009, an emergency meeting was called in St. Rose, Louisiana at Dynasplint's neurological division head office to discuss billing and SNF issues. Relator believes this emergency meeting was called as a direct result of her questions to her superiors regarding the impropriety of the billing to Medicare under Part B for SNF patients. Jonathan Schop, an employee and agent of Defendant Dynasplint Systems, is the head of the neurological division based in St. Rose, Louisiana.

37. During this and other meetings, managers and officers of Defendant Dynasplint instructed its sales representatives, including Relator, to fill out the Certificate of Medical Need forms, which are used to justify and support the diagnosis, rather than having the form filled out by a physician. This allowed the representative to in effect control the diagnosis and merely have a physician sign off on it. These forms were then used to generate HCFA Form 1500 bills to Medicare for reimbursement under Medicare Part B.

38. Scott Bromley, a regional manager that Relator reported to, instructed her to fit all SNF patients in the rehabilitation room of the facility, rather than delivering the splint to a particular residence's room. Mr. Bromley explained to Relator that this would avoid the SNF billing issue and make it appropriate to bill Medicare under Part B.

39. In January of 2010, Scott Bromley was promoted from regional manager to a divisional manager of Dynasplint Systems, Inc.

40. Despite Relator meeting all of her job performance requirements, she was terminated while investigating the nature and extent of Defendant's fraud on the Government payment

programs. Relator believes said termination was in retaliation for her activities in rooting out the fraud at Dynasplint.

41. Prior to the filing of this complaint, Relator provided a disclosure of evidence to the United States Government, including specific examples of Medicare patients receiving orthotics billed under Medicare Part B, although the patients were residing at a SNF at the time Dynaplint products were billed to Medicare and dispensed to patients.

**ILLEGAL REMUNERATION**

42. Because Defendant Dynasplint Systems, Inc. is billing Medicare Part B directly for orthotics, and because these orthotics should be billed as part of the SNF's per diem rate, in effect the SNFs and other similar Part A facilities do not have to purchase these products, which are required to be provided to Medicare and Medicaid Beneficiaries as part of the daily rate.

43. As a result, Dynasplint is providing free goods as remuneration for referrals from the SNFs, all or part of which is reimbursable by Medicare or Medicaid. This is in direct contravention of the express provisions of 42 U.S.C. § 1320(a)-7(b), also known as the Anti-Kickback Act.

**COUNT ONE**

**False Claims Act - Presentation of False Claims**

44. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein.

45. In performing the acts described above, Defendant through its own acts or through the acts of its officers, knowingly and/or recklessly presented, or caused to be presented, false or fraudulent claims for payment or approval in violation of 31 U.S.C. §3729(a)(1). These claims were paid for with Medicare funds.

46. The United States, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

**COUNT TWO**

**False Claims Act - False Statements**

47. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein.

48. In performing the acts described above, Defendant through its own acts or through the acts of its officers, knowingly made, used or caused to be made or used, a false record of statement to get false or fraudulent claims paid or approved by the Government in violation of 31 U.S.C. §3729(a)(2).

49. The United States, unaware of the foregoing circumstances and conduct of the Defendants, made full payments which resulted in its being damaged in an amount to be determined.

**COUNT THREE**

**False Claims Act – Reverse False Claims**

50. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein.

51. In performing the acts described above, Defendant knowingly used false records and statements to conceal its obligation to reimburse the federal Government for monies improperly retained, in violation of 31 U.S.C. §3729(a)(7).

52. Through Defendant's actions of improperly retaining funds to which they are not entitled, the United States has been deprived of the use of these monies and is entitled to damages in an amount to be determined.

## PRAYER FOR RELIEF UNDER THE FEDERAL FALSE CLAIMS ACT

Relator respectfully requests this Court to enter judgment against Defendant, as follows:

(a) That the United States be awarded damages in the amount of three times the damages sustained by the United States because of the false claims and fraud alleged within this Complaint, as the Civil False Claims Act, 31 U.S.C. §§ 3729, *et seq.* provides;

(b) That civil penalties of $10,000 be imposed for each and every false claim that defendant presented to the United States;

(c) That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relator necessarily incurred in bringing and pressing this case;

(d) That the Court grant permanent injunctive relief to prevent any recurrence of violations of the False Claims Act for which redress is sought in this Complaint;

(e) That the Relator be awarded the maximum percentage of any recovery allowed to him pursuant the False Claims Act, 31 U.S.C. §3730(d)(1),(2);

(f) That this Court award such other and further relief as it deems proper.

(g) A JURY TRIAL IS HEREBY DEMANDED FOR ALL COUNTS AND ALL ALLEGATIONS CONTAINED IN THIS COMPLAINT.

## COUNT FOUR

## Violation of the California False Claims Act

53. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant.

54. This is a qui tam action brought by Relator on behalf of the United States of America to recover treble damages and civil penalties under the California False Claims Act, Cal. Gov't. Code § 12650, *et seq*.

55. Cal. Gov't Code § 12651(a) provides liability for any person who—

> Knowingly presents, or causes to be presented, to an officer or employee of the state of any political division thereof, a false claim for payment or approval;
>
> Knowingly makes, uses, or causes to be made or used a false record of statement to get a false claim paid or approved by the state or by any political subdivision;
>
> Conspires to defraud the state or any political subdivision by getting a false claim allowed or paid by the state of by any political subdivision.
>
> Is a beneficiary of an inadvertent submission of a false claim to the state or a political subdivision, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the state or the political subdivision within a reasonable time after discovery of the false claim.

56. Defendant violated Cal. Gov't Code § 12651(a) by engaging in the fraudulent and illegal practices described herein from at least 2006 to the present. The State of California, by and through the California Medicaid program and other state health care programs, and unaware of defendant's fraudulent and illegal practices, paid the claims submitted by health care providers in connection therewith.

57. Compliance with applicable Medicare, Medi-Cal and the various other federal and state laws cited herein was implied, and upon information and belief, also an express condition of payment of claims submitted to the State of California in connection with Defendant's fraudulent

and illegal practices.

58. Had the State of California known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

59. As a result of Defendant's violations of Cal. Gov't Code § 12651(a), the State of California has been damaged in an amount to be determined.

60. Mrs. Deane is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Cal. Gov't Code § 12652(c) on behalf of herself and the State of California.

WHERFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF CALIFORNIA:

Three times the amount of actual damages which the State of California has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of up to $10,000 for each false claim which Defendant presented or caused to be presented to the State of California;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to Cal. Gov't Code § 12652 and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

**COUNT FIVE**

**Violation of the Colorado Medicaid False Claims Act**

61. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant.

62. Defendant conducts business in the State of Colorado. Upon information and belief, Defendant's actions described herein occurred in the State of Colorado as well. This is a *qui tam* action brought by Relator and the state of Colorado to recover treble damages and civil penalties under the Colorado Medicaid False Claims Act, C.R.S.A. § 25.5-4-303.5, *et seq.*

63. The Colorado Medicaid False Claims Act provides that a person is liable for a civil penalty if the person –

> Knowingly presents, or causes to be presented, to an officer or employee of the state a false or fraudulent claims for payment or approval;
>
> Knowingly makes, uses or causes to be made or used a false record or statement material to a false or fraudulent claim;
>
> Knowingly makes, uses, or causes to be made or used, a false record or statement materials to an obligation to pay or transmit money or property to the state in connection with the Colorado Medicaid False Claims Act, or knowingly conceals or knowingly an improperly avoids or decreases an obligation to pay or transmit money or property to the state in connection with the Colorado Medical Assistance Act;
>
> Conspires to commit a violation of the Colorado Medical Assistance Act.

64. Defendant violated the Colorado Medicaid False Claims Act, .R.S.A. § 25.5-4-303.5, *et seq.*, by engaging in the fraudulent and illegal practices described herein from at least 2006 to the present. The State of Colorado, by and through the Colorado Medicaid program and other state

health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third payers in connection therewith.

65. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Colorado in connection with defendant's fraudulent and illegal practices.

66. Had the State of Colorado known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

67. As a result of Defendant's fraudulent conduct, the State of Colorado has been damaged in an amount to be determined.

68. Mrs. Deane is private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to C.R.S.A. § 25.5-4-303.5, *et seq.,* on behalf of herself and the State of Colorado.

69. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Colorado in the operation of its Medicaid program.

70. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF COLORADO:

Three times the amount of actual damages which the State of Colorado has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of Colorado;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to C.R.S.A. § 25.5-4-303.5, *et seq.* and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

**COUNT SIX**

**Violation of the Connecticut Medicaid False Claims Act**

71. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant.

72. Defendant conducts business in the State of Connecticut. Upon information and belief, Defendant's actions described herein occurred in the State of Connecticut as well. This is a *qui tam* action brought by Relator and the state of Connecticut to recover treble damages and civil penalties under the Connecticut False Claims Act, C.G.S.A. § 17b-301a, *et. seq.*

73. The Connecticut False Claims Act provides that no person shall -

Knowingly present, or cause to be presented, to an officer or employee of the state a false or fraudulent claim for payment or approval under medical assistance programs administered by the Department of Social Services;

Knowingly make, use or cause to be made or used, a false record or statement to secure the payment or approval by the state of a false or fraudulent claim under medical assistance programs administered by the Department of Social Services;

> Conspire to defraud the state by securing the allowance or payment of a false or fraudulent claim under medical assistance programs administered by the Department of Social Services;
>
> Knowingly make, use or cause to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state under administered by the Department of Social Services medical assistance programs.

74. Defendant violated Connecticut False Claims Act § C.G.S.A. § 17b-301a by engaging in the fraudulent and illegal practices described herein from at least 2006 to the present. The State of Connecticut, by and through the Connecticut Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third payers in connection therewith.

75. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Connecticut in connection with defendant's fraudulent and illegal practices.

76. Had the State of Connecticut known that defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

77. As a result of Defendant's fraudulent conduct, the State of Connecticut has been damaged in an amount to be determined.

78. Mrs. Deane is private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to C.G.S.A. § 17b-301a, *et seq*. on behalf of herself and the State of Connecticut.

79. This Court is requested to accept supplemental jurisdiction of this related state claim as it

is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Connecticut in the operation of its Medicaid program.

80. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF CONNECTICUT:

Three times the amount of actual damages which the State of Connecticut has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of Connecticut;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to C.G.S.A. § 17b-301a and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

## COUNT SEVEN

## Violation of the Delaware False and Reporting Claims Act

81. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant.

82. This is a qui tam action brought by Relator and the State of Delaware to recover treble damages and civil penalties under the Delaware Medicaid False Claims Act, 6 Del. C. § 1201 et seq.

83. 6 Del. C. § 1201 et seq. provides liability for any person who—

> Knowingly presents, or causes to be presented, directly or indirectly, to an officer or employee of the Government a false or fraudulent claim for payment or approval;
>
> Knowingly makes, uses or causes to be made or used, directly or indirectly, a false record or statement to get a false or fraudulent claim paid or approved;
>
> Conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;
>
> Knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, increase or decrease an obligation to pay or transmit money or property to or from the Government.

84. Defendant violated 6 Del. C. § 1201 by engaging in the fraudulent and illegal practices described herein from at least 2006 to the present.

85. The State of Delaware, by and through the Delaware Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers in connection therewith.

86. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Delaware in connection with Defendant's fraudulent and illegal practices.

87. Had the State of Delaware known that defendant was violating the federal and state laws cited herein, it wound not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

88. As a result of Defendant's violations of 6 Del C. § 1201(a), the State of Delaware has been damaged in amount to be determined.

89. Defendant did not, within 30 days after it first obtained information as to such violations,

furnish such information to officials of the State responsible for investigating false claims violations, did not otherwise fully cooperate with any investigation of the violations, and have not otherwise furnished information to the State regarding the claims for reimbursement at issue.

90. Mrs. Deane is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to 6 Del. C. § 1203(b) on behalf of herself and the State of Delaware.

91. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Delaware in the operation of its Medicaid program.

92. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties against Defendant:

To the STATE OF DELAWARE:

Three times the amount of actual damages which the State of Delaware has sustained as a result of defendant's fraudulent and illegal practices;

A civil penalty on not less then $5,500 and not more than $ 11,000 for each false claim which Defendant caused to be presented to the State of Delaware;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to 6 Del C. § 1205, and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT EIGHT

**Violation of the District of Columbia Procurement Reform Amendment Act**

93. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant.

94. This is a qui tam action brought by Relator and the District of Columbia to recover treble damages and civil penalties under the District of Columbia Procurement Reform Amendment Act, D.C. § 2-308.13 et seq.

95. D.C. Code § 2-30814(a) provides liability for any person who-

> Knowingly presents, or causes to be presented, to an officer or employee of the District a false claim for payment or approval;
>
> Knowingly makes, uses or causes to be made or used, a false record or statement to get a false claim paid or approved by the District;
>
> Conspires to defraud the District by getting a false claim allowed or paid by the District;
>
> Is the beneficiary of an inadvertent submission of a false claim to the District, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the District.

96. Defendant violated D.C. Code § 2-308.14(a) from at least 2006 to the present by engaging in the fraudulent and illegal practices described herein.

97. The District of Columbia, by and through the District of Columbia Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers in connection therewith.

98. Compliance with applicable Medicare, Medicaid and the various other federal and state

laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the District of Columbia is connection with Defendant's fraudulent and illegal practices.

99. Had the District of Columbia known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers in connection with Defendant's fraudulent and illegal practices.

100. As a result of Defendant's violations of D.C. Code § 2-308.14(a) the District of Columbia has been damaged in an amount to be determined.

101. Mrs. Deane is private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to D.C. Code § 2-308.15(b) on behalf of herself and the District of Columbia.

102. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the District of Columbia in the operation of its Medicaid program.

103. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the DISTRICT OF COLUMBIA:

Three times the amount of actual damages which the District of Columbia has sustained as a result of defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the District of Columbia;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to D. C. Code § 2-308.15(f) and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

## COUNT NINE

### Violation of the Florida False Claims Act

104. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant.

105. This is a qui tam action brought by Relator and the State of Florida to recover treble damages and civil penalties under the Florida False Claims Act, West's F.S.A. § 68.081 et seq.

106. West's F.S.A. § 68.082 provides liability for any person who-

> Knowingly presents or causes to be presented to an officer or employee of an agency a false claim for payment or approval
>
> Knowingly makes, uses, or causes to be made or used a false record or statement to get a false or fraudulent claim paid or approved by an agency
>
> Conspires to submit a false claim to an agency or to deceive an agency for the purpose of getting a false or fraudulent claim allowed or paid

107. Defendant violated West's F.S.A. § 68.082 from at least 2006 to the present by engaging in the fraudulent and illegal practices described herein.

108. Defendant furthermore violated West's F.S.A. § 68.082 and knowingly caused false claims to be made, used and presented to the State of Florida, as described herein .

109. The State of Florida, by and through the State of Florida Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the

claims submitted by health care providers and third payers in connection therewith.

110. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Florida in connection with Defendant's fraudulent and illegal practices.

111. Had the State of Florida known that Defendant were violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

112. As a result of Defendant's violations of West's F.S.A. § 68.082 the State of Florida has been damaged in an amount far in excess of millions of dollars exclusive of interest.

113. Mrs. Deane is private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to West's F.S.A. § 68.083(2) on behalf of herself and the State of Florida.

114. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Florida in the operation of its Medicaid program.

115. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF FLORIDA:

Three times the amount of actual damages which the State of Florida has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant's caused to be presented to the State of Florida;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to West's F.S.A. § 68.085 and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

**COUNT TEN**

**Violation of the Georgia State False Medicaid Claims Act**

116. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant.

117. This is a qui tam action brought by Relator and the State of Georgia to recover treble damages and civil penalties under the Georgia State False Medicaid Claims Act, Ga. Code Ann. § 49-4-168 *et seq.*

118. Ga. Code Ann. § 49-4-168.1 *et seq.* provides liability for any person who—

Knowingly presents or causes to be presented to the Georgia Medicaid program a false or fraudulent claim for payment or approval;

Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Georgia Medicaid program;

Conspires to defraud the Georgia Medicaid program by getting a false or fraudulent claim allowed or paid;

Knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay, repay or transmit money or property to the State of Georgia.

119. Defendant violated Ga. Code Ann. § 49-4-168.1 and knowingly caused claims to be made, used and presented to the State of Georgia by its violation of federal and state laws from at least 2006 to the present.

120. The State of Georgia, by and through the Georgia Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

121. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Georgia in connection with Defendant's fraudulent and illegal practices.

122. Had the State of Georgia known that Defendant was violating the federal and state laws cited herein, it wound not have paid the claims submitted by health care providers and third party payers in connection with defendant's fraudulent and illegal practices.

123. As a result of defendant's violations of Ga. Code Ann. § 49-4-168.1, the State of Georgia has been damaged in an amount to be determined.

124. Defendant did not, within 30 days after they first obtained information as to such violations, furnish such information to officials of the State responsible for investigating false claims violations, did not otherwise fully cooperate with any investigation of the violations, and have not otherwise furnished information to the State regarding the claims for reimbursement at issue.

125. Mrs. Deane is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Ga. Code Ann., § 49-4-168.2(b) on behalf of herself and the State of Georgia.

126. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Georgia in the operation of its Medicaid program.

127. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties against Defendant:

To the STATE OF GEORGIA:

Three times the amount of actual damages which the State of Georgia has sustained as a result of defendant's fraudulent and illegal practices;

A civil penalty on not less than $5,500 and not more than $ 11,000 for each false claim which defendant caused to be presented to the State of Georgia;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to Ga. Code Ann., § 49-4-168.2(i), and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT ELEVEN

### Violation of the Hawaii False Claims Act

128. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant.

129. This is a qui tam action brought by Relator and the State of Hawaii to recover treble damages and civil penalties under the Hawaii False Claims Act, Haw. Rev. Stat. § 661.21 et seq.

130. Haw. Rev. Stat. § 661-21(a) provides liability for any person who—

> Knowingly presents, or causes to be presented, to an officer or employee of the state a false or fraudulent claim for payment or approval;
>
> Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;
>
> Conspires to defraud the state by getting a false or fraudulent claim allowed or paid; or
>
> Is a beneficiary of an inadvertent submission of a false claim to the State, who subsequently discovers the falsity of the claim, and fails to disclose the false claim to the State within a reasonable time after discovery of the false claim.

131. Defendant violated Haw. Rev. Stat. § 661.21(a) from at least 2006 to the present by engaging in the fraudulent and illegal practices described herein. Defendant further violated Haw. Rev. Stat. § 661.21(a) and knowingly caused false claims to be made, used and presented to the State of Hawaii from at least 2006 to the present by their violation of federal and state laws, as described herein.

132. The State of Hawaii, by and through the Hawaii Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

133. Compliance with applicable Medicare, Medicaid and the various other federal state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Hawaii in connection with Defendant's fraudulent and illegal practices.

134. Had the State of Hawaii known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party

payers in connection with Defendant's fraudulent and illegal practices.

135. As a result of Defendant's violations of Haw. Rev. Stat. § 661-21(a) the State of Hawaii has been damaged in an amount to be determined.

136. Mrs. Deane is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Haw. Rev. Stat. § 661-25(a) on behalf of herself and the State of Hawaii.

137. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Hawaii in the operation of its Medicaid program.

138. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF HAWAII:

Three times the amount of actual damages which the State of Hawaii has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of Hawaii;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to Haw. Rev. Stat. § 661-27 and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT TWELVE

### Violation of the Illinois Whistleblower Reward and Protection Act

139. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant.

140. This is a qui tam action brought by Relator and the State of Illinois to recover treble damages and civil penalties under the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175 et seq.

141. 740 ILCS 175/3(a) provides liability for any person who—

> knowingly presents, or causes to be presented, to an officer or employee of the State of a member of the Guard a false or fraudulent claim for payment or approval;
>
> knowingly makes, uses, of causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State;
> Conspires to defraud the State by getting a false or fraudulent claim allowed or paid.

142. Defendant violated 740 ILCS 175/3(a) by engaging in the fraudulent and illegal practices described herein. Defendant further violated 740 ILCS 175/3(a) and knowingly caused false claims to be made, used and presented to the State of Illinois from at least 2006 to the present by its violation of federal and state laws, as described herein.

143. The State of Illinois, by and through the Illinois Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

144. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein with an implied, and upon information and belief, also an express condition of

payment of claims submitted to the State of Illinois in connection with Defendant's fraudulent and illegal practices.

145. Had the State of Illinois known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

146. As a result of Defendant's violations of 740 ILCS 175/3(a), the State of Illinois has been damaged in an amount far in excess of millions of dollars exclusive of interest.

147. Mrs. Deane is a private person with direct and independent knowledge of the allegation of this Complaint, who has brought this action pursuant to 740 ILCS 175/3(b) on behalf of herself and the State of Illinois.

148. This court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Illinois in the operation of its Medicaid program.

149. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF ILLINOIS:

Three times the amount of actual damages which the State of Illinois has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of Illinois;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to 740 ILCS/4(d) and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT THIRTEEN

### Violation of the Indiana False Claims and Whistleblower Protection Act

150. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant.

151. This is a qui tam action brought by Relator and the State of Indiana to recover treble damages and civil penalties under the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5 *et seq.*

152. IC 5-11-5.5-2 provides liability for any person who—

(1) presents a false claim to the state for payment or approval;

(2) makes or uses a false record or statement to obtain payment or approval of a false claim from the state;

(3) with intent to defraud the state, delivers less money or property to the state than the amount recorded on the certificate or receipt the person receives from the state;

(4) with intent to defraud the state, authorizes issuance of a receipt without knowing that the information on the receipt is true;

(5) receives public property as a pledge of an obligation on a debt from an employee who is not lawfully authorized to sell or pledge the property;

(6) makes or uses a false record or statement to avoid an obligation to pay or transmit property to the state;

(7) conspires with another person to perform an act described in subdivisions (1) through (6); or

(8) causes or induces another person to perform an act described in subdivisions (1) through (6).

153. Defendant violated IC 5-11-5.5-2 and knowingly caused false claims to be made, used and presented to the State of Indiana by their violation of federal and state laws, from at least 2006 to the present, as described herein.

154. The State of Indiana, by and through the Indiana Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

155. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein with an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Indiana in connection with Defendant's fraudulent and illegal practices.

156. Had the State of Indiana known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

157. As a result of Defendant's violations of IC 5-11-5.5-2, the State of Indiana has been damaged in an amount to be determined.

158. Mrs. Deane is a private person with direct and independent knowledge of the allegation of this Complaint, who has brought this action pursuant to IC 5-11-5.5-4 on behalf of herself and the State of Indiana.

159. This court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Indiana in the operation of its Medicaid program.

160. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF INDIANA:

Three times the amount of actual damages which the State of Indiana has sustained as a result of Defendant's fraudulent and illegal practices;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to IC 5-11-5.5-6 and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT FOURTEEN

### Violation of the Louisiana Medical Assistance Programs Integrity Law

161. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant.

162. This is a qui tam action brought by Relator and the State of Louisiana to recover treble damages and civil penalties under the Louisiana Medical Assistance Programs Integrity Law, La Rev. Stat. Ann § 437.1 et seq.

163. La. Rev. Stat. Ann. § 438.3 provides –

> No person shall knowingly present or cause to be presented a false or fraudulent claim;

> No person shall knowingly engage in misrepresentation to obtain, or attempt to obtain, payment from medical assistance programs funds;
>
> No person shall conspire to defraud, or attempt to defraud, the medical assistance programs through misrepresentation or by obtaining, or attempting to obtain, payment for a false or fraudulent claim;

164. Defendant violated La. Rev. Stat. Ann. § 438.3 by engaging in the fraudulent and illegal practices described herein. Defendant violated La. Rev. Stat. Ann. § 438.3 and knowingly caused false claims to be made, used and presented to the State of Louisiana by their violation of federal and state laws, from at least 2006 to the present, as described herein.

165. The State of Louisiana, by and through the Louisiana Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

166. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Louisiana in connection with Defendant's fraudulent and illegal practices.

167. Had the State of Louisiana known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

168. As a result of Defendant's violations of La. Rev. Stat. Ann. § 438.3 the State of Louisiana has been damaged in an amount to be determined.

169. Mrs. Deane is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to La. Rev. Stat. Ann. § 439.1(A) on behalf of herself and the State of Louisiana.

170. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Louisiana in the operation of its Medicaid program.

171. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF LOUISIANA:

Three times the amount of actual damages which the State of Louisiana has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of Louisiana;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to La. Rev. Stat. § 439.4(A) and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award or reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

**COUNT FIFTEEN**

**Violation of the Massachusetts False Claims Act**

172. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in Massachusetts as well.

173. This is a qui tam action brought by Relator and State of Massachusetts for treble damages

and penalties under Massachusetts False Claims Act, Mass. Gen. Laws Ann. Chap 12 § 5(A), *et seq.*

174. Mass. Gen. Laws Ann. Chap 12 § 5B provides liability for any person who—

> Knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> Knowingly makes, uses, or causes to be made or used, a false record or statement to obtain payment or approval of a claim by the commonwealth or any political subdivision thereof;
>
> Conspires to defraud the commonwealth or any political subdivision thereof through the allowance or payment of a fraudulent claim;
>
> Is a beneficiary of an inadvertent submission of a false claim to the common wealth or political subdivision thereof, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the commonwealth or political subdivision within a reason able time after discovery of the false claim.

175. Defendant violated Mass. Gen. Laws Ann. Chap. 12 § 5B by engaging in the fraudulent and illegal practices described herein. Defendant further violated Mass. Gen. Laws Ann. Chap 12 § 5B and knowingly caused false claims to be made, used and presented to the State of Massachusetts by their violation of federal and state laws, from at least 2006 to the present, as described herein.

176. The State of Massachusetts, by and through the Massachusetts Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

177. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Massachusetts in connection with Defendant's fraudulent and illegal practices.

178. Had the State of Massachusetts known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

179. As a result of Defendant's violations of Mass. Gen. Laws Ann. Chap. 12 § 5B the State of Massachusetts has been damaged in an amount to be determined.

180. Mrs. Deane is a private person with direct and independent knowledge of the allegations of the Compliant, who has brought this action pursuant to Mass. Gen. Laws Ann Chap. 12 § 5(c(2) on behalf of herself and the State of Massachusetts.

181. This Court is requested to accept pendent jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of Massachusetts in the operation of its Medicaid program.

182. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF MASSACHUSETTS:

Three times the amount of actual damages which that State of Massachusetts has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of Massachusetts;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to Mass. Gen. Laws Ann. Chap. 12 § 5F and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT SIXTEEN

### Violation of the Michigan Medicaid False Claim Act

183. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in Michigan as well.

184. This is a qui tam action brought by Relator and State of Michigan for treble damages and penalties under Michigan Medicaid False Claim Act, M.C.L.A. § 400.601 *et seq.*

185. M.C.L.A. § 400.607 provides liability for any person who, among other things—

> Causes to be made or presented to an employee or officer of this state a claim under the social welfare act, Act No. 280 of the Public Acts of 1939, as amended, being sections 400.1 to 400.121 of the Michigan Compiled Laws, upon or against the state, knowing the claim to be false.
>
> Presents or causes to be made or presented a claim under the social welfare act, Act No. 280 of the Public Acts of 1939, which he or she knows falsely represents that the goods or services for which the claim is made were medically necessary in accordance with professionally accepted standards.

186. Defendants violated M.C.L.A. 400.607 and knowingly caused false claims to be made, used and presented to the State of Michigan by their violation of federal and state laws, from at least 2006 to the present, as described herein.

187. The State of Michigan, by and through the Michigan Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

188. Compliance with applicable Medicare, Medicaid and the various other federal and state

laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Michigan in connection with Defendant's fraudulent and illegal practices.

189. Had the State of Michigan known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

190. As a result of Defendant's violations of M.C.L.A. 400.607 the State of Michigan has been damaged in an amount to be determined.

191. Mrs. Deane is a private person with direct and independent knowledge of the allegations of the Compliant, who has brought this action pursuant to M.C.L.A. § 400.610a on behalf of herself and the State of Michigan.

192. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of Michigan in the operation of its Medicaid program.

193. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF MICHIGAN:

All damages to which the State of Michigan is entitled pursuant to M.C.L.A. 400.612;

Civil penalties for each false claim which Defendant caused to be presented to the State of Michigan;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to M.C.L.A. 400.610a(9) and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

**COUNT SEVENTEEN**

**Violation of the Montana False Claims Act**

194. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in Montana as well.

195. This is a qui tam action brought by Relator and State of Montana for treble damages and penalties under Montana False Claims Act, MT ST 17-8-401 *et seq.*

196. MT ST 17-8-403 provides liability for any person who—

> knowingly presenting or causing to be presented to an officer or employee of the governmental entity a false claim for payment or approval;
>
> knowingly making, using, or causing to be made or used a false record or statement to get a false claim paid or approved by the governmental entity;
>
> conspiring to defraud the governmental entity by getting a false claim allowed or paid by the governmental entity.

197. Defendants violated MT ST 17-8-403 and knowingly caused false claims to be made, used and presented to the State of Montana by their violation of federal and state laws, from at least 2006 to the present, as described herein.

198. The State of Montana, by and through the Montana Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the

claims submitted by health care providers and third party payers in connection therewith.

199. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Montana in connection with Defendant's fraudulent and illegal practices.

200. Had the State of Montana known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

201. As a result of Defendant's violations of MT ST 17-8-403 the State of Montana has been damaged in an amount to be determined.

202. Mrs. Deane is a private person with direct and independent knowledge of the allegations of the Compliant, who has brought this action pursuant to MT ST 17-8-406 on behalf of herself and the State of Montana.

203. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of Montana in the operation of its Medicaid program.

204. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF MONTANA:

Three times the amount of actual damages which that State of Montana has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of $10,000 for each false claim which Defendant caused to be presented to the State of Montana;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to MT ST 17-8-410 and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

**COUNT EIGHTEEN**

**Violation of the Nevada False Claims Act**

205. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in Nevada as well.

206. This is a qui tam action brought by Relator and the State of Nevada to recover treble damages and civil penalties under the Nevada False Claims Act, N.R.S. § 357.010 et. seq.

207. N.R.S. § 357.040(1) provides liability for any person who—

Knowingly presents or causes to be presented a false claim for payment or approval;

Knowingly makes or uses, or causes to be made or used, a false record or statement to obtain payment or approval of a false claim;

Conspires to defraud by obtaining allowance or payment of a false claim;

Is a beneficiary of an inadvertent submission of a false claim and, after discovering the falsity of the claim, fails to disclose the falsity to the state or political subdivision within a reasonable time.

208. Defendant violated N.R.S. § 357.040(1) from at least 2006 to the present by engaging in

the fraudulent and illegal practices described herein. Defendant further violated N.R.S. § 357.040(1) and knowingly caused false claims to be made, used and presented to the State of Nevada by their violation of federal and state laws, from at least 2006 to the present, as described herein.

209. The State of Nevada, by and through the Nevada Medicaid program and other health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

210. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Nevada in connection with Defendant's fraudulent and illegal practices.

211. Had the State of Nevada known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

212. As a result of Defendant's violations of N.R.S. § 357.040(1) the State of Nevada has been damaged in an amount far in excess or millions of dollars exclusive of interest.

213. Mrs. Deane is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to N.R.S. § 357.080(1) on behalf of herself and the State of Nevada.

214. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Nevada in the operation of its Medicaid program.

215. WHEREFORE, Relator respectfully requests this Court to award the following damages

to the following parties and against Defendant:

To the STATE OF NEVADA:

Three times the amount of actual damages which the State of Nevada has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $2,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of Nevada;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to N.R.S § 357.210 and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT NINETEEN

### Violation of the New Hampshire False Claims Act

216. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in New Hampshire as well.

217. This is a qui tam action brought by Relator and State of New Hampshire for treble damages and penalties under New Hampshire False Claims Act, N.H. Rev. Stat. § 167:61-b *et seq.*

218. N.H. Rev. Stat. § 167:61-b provides liability for any person who—

> Knowingly presents, or causes to be presented, to an officer or employee of the department, a false or fraudulent claim for payment or approval.
>
> Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the department.
>
> Conspires to defraud the department by getting a false or fraudulent claim allowed or paid.

219. Defendant violated N.H. Rev. Stat. § 167:61-b and knowingly caused false claims to be made, used and presented to the State of New Hampshire by their violation of federal and state laws, from at least 2006 to the present, as described herein.

220. The State of New Hampshire, by and through the New Hampshire Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

221. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of New Hampshire in connection with Defendant's fraudulent and illegal practices.

222. Had the State of New Hampshire known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

223. As a result of Defendant's violations of N.H. Rev. Stat. § 167:61-b the State of New Hampshire has been damaged in an amount to be determined.

224. Mrs. Deane is a private person with direct and independent knowledge of the allegations of the Compliant, who has brought this action pursuant to N.H. Rev. Stat. § 167:61-c on behalf of herself and the State of New Hampshire.

225. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of New Hampshire in the operation of its Medicaid program.

226. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF NEW HAMPSHIRE:

Three times the amount of actual damages which that State of New Hampshire has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of New Hampshire;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to N.H. Rev. Stat. § 167:61-e and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

**<u>COUNT TWENTY</u>**

**Violation of the New Jersey False Claims Act**

227. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in New Jersey as well.

228. This is a qui tam action brought by Relator and State of New Jersey for treble damages and penalties under New Jersey False Claims Act, N.J.S.A. 2A:32C-1 et seq.

229. N.J.S.A. 2A:32C-3 provides liability for any person who—

> Knowingly presents or causes to be presented to an employee, officer or agent of the State, or to any contractor, grantee, or other recipient of State funds, a false or fraudulent claim for payment or approval;
>
> Knowingly makes, uses, or causes to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State;
>
> Conspires to defraud the State by getting a false or fraudulent claim allowed or paid by the State.

230. Defendant violated N.J.S.A. 2A:32C-3 and knowingly caused false claims to be made, used and presented to the State of New Jersey by their violation of federal and state laws, including N.J.S.A. 30:4D-17, from at least 2006 to the present, as described herein.

231. The State of New Jersey, by and through the New Jersey Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

232. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of New Jersey in connection with Defendant's fraudulent and illegal practices.

233. Had the State of New Jersey known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

234. As a result of Defendant's violations of N.J.S.A. 2A:32C-3 the State of New Jersey has been damaged in an amount to be determined.

235. Mrs. Deane is a private person with direct and independent knowledge of the allegations of the Compliant, who has brought this action pursuant to N.J.S.A. 2A:32C-5 on behalf of herself and the State of New Jersey.

236. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of New Jersey in the operation of its Medicaid program.

237. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF NEW JERSEY:

Three times the amount of actual damages which that State of New Jersey has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of New Jersey;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to N.J.S.A. 2A:32C-7and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

**COUNT TWENTY-ONE**

**Violation of the New Mexico Medicaid False Claims Act and The Fraud Against Taxpayers Act**

238. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth

herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in the State of New Mexico as well.

239. This is a qui tam action brought by Relator and the State of New Mexico to recover treble damages and civil penalties under the New Mexico Medicaid False Claims Act, N. M. S. A. 1978, § 27-14-1 *et seq.* and the New Mexico Fraud Against Taxpayers Act, N. M. S. A. 1978, § 44-9-1 *et seq.*

240. N. M. S. A. 1978, § 27-14-4 provides liability for any person who-

> Presents, or causes to be presented, to the state a claim for payment under the Medicaid program knowing that the person receiving a Medicaid benefit or payment is not authorized or is not eligible for a benefit under the Medicaid program
>
> Makes, uses or causes to be made or used a record or statement to obtain a false or fraudulent claim under the Medicaid program paid for or approved by the state knowing such record or statement is false
>
> Conspires to defraud the state by getting a claim allowed or paid under the Medicaid program knowing that such claim is false or fraudulent

241. N.M.S.A. 1978 § 44-9-3 provides liability for any person who-

> knowingly presents, or causes to be presented, to an employee, officer or agent of the state or to a contractor, grantee or other recipient of state funds a false or fraudulent claim for payment or approval;
>
> knowingly makes or uses, or causes to be made or used, a false, misleading or fraudulent record or statement to obtain or support the approval of or the payment on a false or fraudulent claim;
>
> conspires to defraud the state by obtaining approval or payment on a false or fraudulent claim;
>
> conspires to make, use or cause to be made or used, a false, misleading or fraudulent record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the state.

242. Defendant violated N. M. S. A. 1978, § 27-14-4 and N.M.S.A. 1978 § 44-9-3 from at least 2006 to the present by engaging in the fraudulent and illegal practices described herein.

243. Defendant furthermore violated N. M. S. A. 1978, § 27-14-4 and N.M.S.A. 1978 § 44-9-3 and knowingly caused false claims to be made, used and presented to the State of New Mexico by their violation of federal and state laws, as described herein.

244. The State of New Mexico, by and through the State of New Mexico Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third payers in connection therewith.

245. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of New Mexico in connection with Defendant's fraudulent and illegal practices.

246. Had the State of New Mexico known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

247. As a result of Defendant's violations of N. M. S. A. 1978, § 27-14-4 and N.M.S.A. 1978 § 44-9-3 the State of New Mexico has been damaged in an amount to be determined.

248. Mrs. Deane is private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to N. M. S. A. 1978, § 27-14-7 and N. M. S. A. 1978, § 44-9-5 on behalf of herself and the State of New Mexico.

249. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage

to the State of New Mexico in the operation of its Medicaid program.

250. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF NEW MEXICO:

Three times the amount of actual damages which the State of New Mexico has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of New Mexico;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to N. M. S. A. 1978, § 27-14-9 and N. M. S. A. 1978, § 44-9-7 and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

**COUNT TWENTY-TWO**

**Violation of the New York False Claims Act**

251. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in New York as well.

252. This is a qui tam action brought by Relator and State of New York for treble damages and penalties under New York False Claims Act, McKinney's State Finance Law § 187 *et seq.*

253. McKinney's State Finance Law § 189 provides liability for any person who—

> Knowingly presents, or causes to be presented, to any employee, officer or agent of the state or a local government, a false or fraudulent claim for payment or approval;
>
> Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state or a local government;
>
> Conspires to defraud the state or a local government by getting a false or fraudulent claim allowed or paid.

254. Defendant violated § 189 from at least 2006 to the present by engaging in the fraudulent and illegal practices described herein.

255. Defendant furthermore violated § 189 and knowingly caused false claims to be made, used and presented to the State of New York by their violation of federal and state laws, as described herein.

256. The State of New York, by and through the New York Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

257. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of New York in connection with Defendant's fraudulent and illegal practices.

258. Had the State of New York known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

259. As a result of Defendant's violations of § 189 the State of New York has been damaged in an amount to be determined.

260. Mrs. Deane is a private person with direct and independent knowledge of the allegations

of the Compliant, who has brought this action pursuant to McKinney's State Finance Law § 190(2) on behalf of herself and the State of New York.

261. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of New York in the operation of its Medicaid program.

262. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF NEW YORK:

Three times the amount of actual damages which that State of New York has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of New York;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to McKinney's State Finance Law § 190(6) and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT TWENTY-THREE

### Violation of the North Carolina False Claims Act

263. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide

practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in the State of North Carolina as well.

264. This is a qui tam action brought by Relator and the State of North Carolina to recover treble damages and civil penalties under the North Carolina False Claims Act, N.C.G.S. § 1-607, *et seq.*

265. N.C.G.S. § 1-607 provides liability for any person who-

> Knowingly presents or causes to be presented a false or fraudulent claim for payment or approval;
>
> Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
>
> Conspires to commit a violation of N.C.G.S. § 1-607, *et. seq.;*
> Knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State.

266. Defendant did not, within 30 days after it first obtained information as to such violations, furnish such information to officials of the State responsible for investigating false claims violations, did not otherwise fully cooperate with any investigation of the violations, and have not otherwise furnished information to the State regarding the claims for reimbursement at issue.

267. Defendant violated N.C.G.S. § 1-607, *et seq.* and knowingly caused false claims to be made, used and presented to the State of North Carolina by their violation of federal and state laws, from at least 2006 to the present, as described herein.

268. The State of North Carolina, by and through the North Carolina Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

269. Compliance with applicable Medicare, Medicaid and the various other federal and state

laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of North Carolina in connection with Defendant's fraudulent and illegal practices.

270. Had the State of North Carolina known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

271. As a result of Defendant's violations of N.C.G.S. § 1-607, *et seq.,* the State of North Carolina has been damaged in an amount to be determined.

272. Mrs. Deane is a private person with direct and independent knowledge of the allegations of the Compliant, who has brought this action pursuant to N.C.G.S. § 1-607, *et seq.* on behalf of herself and the State of North Carolina.

273. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of North Carolina in the operation of its Medicaid program.

274. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF NORTH CAROLINA:

Three times the amount of actual damages which that State of North Carolina has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of $11,000 for each false claim which Defendant caused to be presented to the State of North Carolina;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to N.C.G.S. § 1-607, *et seq.* and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

**COUNT TWENTY-FOUR**

**Violation of the Oklahoma Medicaid False Claims Act**

275. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in the State of Oklahoma as well.

276. This is a qui tam action brought by Relator and the State of Oklahoma to recover treble damages and civil penalties under the Oklahoma Medicaid False Claims Act, 63 Okl. St. Ann. § 5053 *et seq.*

277. 63 Okl. St. Ann. § 5053.1 provides liability for any person who-

> Knowingly presents, or causes to be presented, to an officer or employee of the State of Oklahoma, a false or fraudulent claim for payment or approval;
>
> Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;
>
> Conspires to defraud the state by getting a false or fraudulent claim allowed or paid;

278. Defendant violated 63 Okl. St. Ann. § 5053.1 and knowingly caused false claims to be made, used and presented to the State of Oklahoma from at least 2006 to the present by their violation of federal and state laws, as described herein.

279. The State of Oklahoma, by and through the State of Oklahoma Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third payers in connection therewith.

280. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Oklahoma in connection with Defendant's fraudulent and illegal practices.

281. Had the State of Oklahoma known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

282. As a result of Defendant's violations of 63 Okl. St. Ann. § 5053.1 the State of Oklahoma has been damaged in an amount to be determined.

283. Mrs. Deane is private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to 63 Okl. St. Ann. § 5053.2(B) on behalf of herself and the State of Oklahoma.

284. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Oklahoma in the operation of its Medicaid program.

285. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF OKLAHOMA:

Three times the amount of actual damages which the State of Oklahoma has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of Oklahoma;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant 63 Okl. St. Ann. § 5053.4 and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

## COUNT TWENTY-FIVE

### Violation of the Rhode Island False Claims Act

286. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in the State of Rhode Island as well.

287. This is a qui tam action brought by Relator and the State of Rhode Island to recover treble damages and civil penalties under the Rhode Island False Claims Act, Gen. Laws 1956, § 9-1.1-1 *et seq.*

288. Gen. Laws 1956, § 9-1.1-3 provides liability for any person who-

knowingly presents, or causes to be presented, to an officer or employee of the state or a member of the guard a false or fraudulent claim for payment or approval;

knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;

conspires to defraud the state by getting a false or fraudulent claim allowed or paid.

289. Defendant violated Gen. Laws 1956, § 9-1.1-3 and knowingly caused false claims to be made, used and presented to the State of Rhode Island from at least 2006 to the present by their violation of federal and state laws, as described herein.

290. The State of Rhode Island, by and through the State of Rhode Island Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third payers in connection therewith.

291. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Rhode Island in connection with Defendant's fraudulent and illegal practices.

292. Had the State of Rhode Island known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

293. As a result of Defendant's violations of Gen. Laws 1956, § 9-1.1-3 the State of Rhode Island has been damaged in an amount to be determined.

294. Mrs. Deane is private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Gen. Laws 1956, § 9-1.1-4(b) on behalf of herself and the State of Rhode Island.

295. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Rhode Island in the operation of its Medicaid program.

296. WHEREFORE, Relator respectfully requests this Court to award the following damages

to the following parties and against Defendant:

To the STATE OF RHODE ISLAND:

Three times the amount of actual damages which the State of Rhode Island has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which defendant caused to be presented to the State of Rhode Island;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant Gen. Laws 1956, § 9-1.1-4(d) and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

## COUNT TWENTY-SIX

### Violation of the Tennessee False Claims Act

297. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in Tennessee as well.

298. This is a qui tam action brought by Relator and the State of Tennessee to recover treble damages and civil penalties under the Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-181 et seq.

299. § 71-5-182(a)(1) provides liability for any person who—

> Presents, or causes to be presented to the state, a claim for payment under the Medicaid program knowing such claim is false or fraudulent;
>
> Makes or uses, or causes to be made or used, a record or statement to get a false or fraudulent claim under the Medicaid program paid for a approved by the state knowing such record or statement is false;
>
> Conspires to defraud the State by getting a claim allowed or paid under the
>
> Medicaid program knowing such claim is false or fraudulent.

300. Defendant violated Tenn. Code Ann. § 71-5-182(a)(1) from at least 2006 to the present by engaging in the fraudulent and illegal practices described herein. Defendant further violated Tenn. Code Ann. § 71-5-182(a)(1) and knowingly caused false claims to be made, used and presented to the State of Tennessee from at least 2006 to the present by their violation of federal and state laws, as described herein.

301. The State of Tennessee, by and through the Tennessee Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

302. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Tennessee in connection with Defendant's fraudulent and illegal practices.

303. Had the State of Tennessee known that Defendant violated the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

304. As a result of Defendant's violations of Tenn. Code Ann. § 71-5-182(a)(1), the State of Tennessee has been damaged in an amount to be determined.

305. Mrs. Deane is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Tenn. Code Ann. § 71-5-183(a)(1) on behalf of herself and the State of Tennessee.

306. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Tennessee in the operation of its Medicaid program.

307. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF TENNESSEE:

Three times the amount of actual damages which the State of Tennessee has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of Tennessee;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed to Tenn. Code Ann. §71-5-183(c) and/or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this Court deems equitable and just.

## COUNT TWENTY-SEVEN

### Violation of the Texas Medicaid False Claims Act

308. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth

herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in Texas as well.

309. This is a qui tam action brought by Relator and the State of Texas to recover double damages and civil penalties under V.T.C.A. Hum. Res. Code § 36.001 et seq.

310. V.T.C.A. Hum. Res. Code § 36.002, in relevant part, provides liability for any person who—

> (1) knowingly makes or causes to be made a false statement or misrepresentation of a material fact to permit a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;
> (2) knowingly conceals or fails to disclose information that permits a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;
> (3) knowingly applies for and receives a benefit or payment on behalf of another person under the Medicaid program and converts any part of the benefit or payment to a use other than for the benefit of the person on whose behalf it was received
>
> * * *
>
> (9) knowingly enters into an agreement, combination, or conspiracy to defraud the state by obtaining or aiding another person in obtaining an unauthorized payment or benefit from the Medicaid program or a fiscal agent;
> * * *
> (12) knowingly makes, uses, or causes the making or use of a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to this state under the Medicaid program.

311. Defendants violated the Texas Hum Res. Code. § 36.002 from at least 2006 to the present by engaging in the fraudulent and illegal practices described herein. Defendants further violated V.T.C.A. Hum. Res. Code § 36.002 and knowingly caused false claims to be made, used and

presented to the State of Texas from at least 2006 to the present by their violation of federal and state laws, including, as described herein.

312. The State of Texas, by and through the Texas Medicaid program and other state healthcare programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third party payers in connection therewith.

313. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Texas in connection with Defendant's fraudulent and illegal practices.

314. Had the State of Texas known that Defendant was violating the federal and state laws cited herein, it wound not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

315. As a result of Defendant's violations of V.T.C.A. Hum. Res. Code § 36.002, the State of Texas has been damaged in an amount to be determined.

316. Defendants did not, within 30 days after they may have first obtained information as to such violations, furnish such information to officials of the State responsible for investigating false claims violations, did not otherwise fully cooperate with any investigation of the violations, and have not otherwise furnished information to the State regarding the claims for reimbursement at issue.

317. Mrs. Deane is a private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to V.T.C.A. Hum. Res. Code § 36.101 on behalf of herself and the State of Texas.

318. This Court is requested to accept supplemental jurisdiction of this related state claim as it

is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Texas in the operation of its Medicaid program.

319. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF TEXAS:

Damages at two times the value of any payment or monetary or in-kind benefit provided under the Medicaid program, directly or indirectly, as a result of the unlawful acts set forth above, as provided by the Texas Human Resources Code § 36.052(a)(1) & (4)

Civil penalties of $15,000 for each and every unlawful act set forth above that resulted in injury to a person younger than 18 years of age, as provided by the Texas Human Resources Code § 36.052(3)(A)

Pre- and post-judgment interest, Tex. Hum. Res. Code § 36.052(a)(2),

To RELATOR:

The maximum amount allowed pursuant to V.T.C.A. Hum Res. Code § 36.110(a), and/or any other applicable provision of law;

Reimbursement for reasonable expenses and costs which Relator incurred in connection with this action, Tex Hum Res. Code §§ 36.007 & 36.110(c);;;

Reasonable attorneys' fees which the Relator necessarily incurred in bringing and pressing this case, Tex Hum Res. Code §§ 36.007 & 36.110(c); and

Such further relief as this Court deems equitable and just.

## COUNT TWENTY-EIGHT

### Violation of the Virginia Fraud Against Taxpayers Act

320. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in the Commonwealth of Virginia as well.

321. This is a qui tam action brought by Relator and the Commonwealth of Virginia to recover

treble damages and civil penalties under the Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.1 et seq.

322. Va. Code Ann. § 8.01-216.3 provides liability for any person who-

> Knowingly presents, or causes to be presented, to an officer or employee of the Commonwealth a false or fraudulent claim for payment or approval;
>
> Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Commonwealth
>
> Conspires to defraud the Commonwealth by getting a false or fraudulent claim allowed or paid

323. Defendants violated Va. Code Ann. § 8.01-216.3 from at least 2006 to the present by engaging in the fraudulent and illegal practices described herein.

324. Defendants furthermore violated Va. Code Ann. § 8.01-216.3 and knowingly caused false claims to be made, used and presented to the Commonwealth of Virginia from at least 2006 to the present by their violation of federal and state laws, as described herein.

325. The Commonwealth of Virginia, by and through the Commonwealth of Virginia Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third payers in connection therewith.

326. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the Commonwealth of Virginia is connection with Defendant's fraudulent and illegal practices.

327. Had the Commonwealth of Virginia known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and

third party payers in connection with Defendant's fraudulent and illegal practices.

328. As a result of Defendant's violations of Va. Code Ann. § 8.01-216.3 the Commonwealth of Virginia has been damaged in an amount to be determined.

329. Mrs. Deane is private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Va. Code Ann. § 8.01-216.5(A) on behalf of herself and the Commonwealth of Virginia.

330. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the Commonwealth of Virginia in the operation of its Medicaid program.

331. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the COMMONWEALTH OF VIRGINIA:

Three times the amount of actual damages which the Commonwealth of Virginia has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the Commonwealth of Virginia;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant to Va. Code Ann. § 8.01-216.7 and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

**COUNT TWENTY-NINE**

**Violation of the Wisconsin False Claims for Medical Assistance Act**

332. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein. Additionally, Relator states that upon information and belief, the course of conduct described in this Complaint took place not only in Relator's territory, but was a nationwide practice of Defendant. Upon information and belief, Defendant's actions described herein occurred in the State of Wisconsin as well.

333. This is a qui tam action brought by Relator and the State of Wisconsin to recover treble damages and civil penalties under the Wisconsin False Claims for Medical Assistance Act, W.S.A. 20.931, *et seq.*

334. W.S.A. 20.931(2) provides liability for any person who-

> Knowingly presents or causes to be presented to any officer, employee, or agent of this state a false claim for medical assistance.
>
> Knowingly makes, uses, or causes to be made or used a false record or statement to obtain approval or payment of a false claim for medical assistance.
>
> Conspires to defraud this state by obtaining allowance or payment of a false claim for medical assistance, or by knowingly making or using, or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Medical Assistance program.

335. Defendant violated W.S.A. 20.931(2) and knowingly caused false claims to be made, used and presented to the State of Wisconsin from at least 2006 to the present by its violation of federal and state laws, as described herein.

336. The State of Wisconsin, by and through the State of Wisconsin Medicaid program and other state health care programs, and unaware of Defendant's fraudulent and illegal practices, paid the claims submitted by health care providers and third payers in connection therewith.

337. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Wisconsin in connection with Defendant's fraudulent and illegal practices.

338. Had the State of Wisconsin known that Defendant was violating the federal and state laws cited herein, it would not have paid the claims submitted by health care providers and third party payers in connection with Defendant's fraudulent and illegal practices.

339. As a result of Defendant's violations of W.S.A. 20.931(2) the State of Wisconsin has been damaged in an amount to be determined.

340. Mrs. Deane is private person with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to W.S.A. 20.931(5) on behalf of herself and the State of Wisconsin.

341. This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Wisconsin in the operation of its Medicaid program.

342. WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendant:

To the STATE OF WISCONSIN:

Three times the amount of actual damages which the State of Wisconsin has sustained as a result of Defendant's fraudulent and illegal practices;

A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of Wisconsin;

Prejudgment interest; and

All costs incurred in bringing this action.

To RELATOR:

The maximum amount allowed pursuant W.S.A. 20.931(11) and /or any other applicable provision of law;

Reimbursement for reasonable expenses which Relator incurred in connection with this action;

An award of reasonable attorneys' fees and costs; and

Such further relief as this court deems equitable and just.

**COUNT THIRTY**

**Violation of the Anti-Kickback Statute**

343. Relator realleges and reincorporate paragraphs 1-43 of this Complaint as if fully set forth herein.

344. In performing the acts described above, Defendant knowingly and willfully solicited, received, offered or paid remuneration in order to induce referrals of patients under the Medicare program in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(2).

345. As the United States was unaware of the illegality of the claims, and in reliance on the accuracy and legality thereof, made payment upon the false or fraudulent claims, the United States was damaged.

346. The payment of these kickbacks represents the inducement of federal payments through a pattern of fraudulent conduct and constitutes false claims within the meaning of 31 U.S.C. § 3729.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

Dated: July 21, 2010

By: ______________________

**VEZINA AND GATTUSO, L.L.C.**
J. Marc Vezina, TA
LA Bar No. 24683
TX Bar No 24000141
401 Weyer Street, P. O. Box 461
Gretna, Louisiana 70054
Telephone: (504) 368-5223
Facsimile: (504) 361-3624

**FRANK, HARON, WEINER AND NAVARRO**
Monica P. Navarro [1]
MI Bar No. P52985
Maro E. Bush
MI Bar No. P71930
5435 Corporate Dr., Suite 225
Troy, Michigan 48098
Telephone: (248) 952-0400
Facsimile: (248) 952-0890

[1] Ms. Navarro and Ms. Bush will be applying for admission to practice in this action *pro hac vice*.