UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **MEREDITH MONOHAN DEANE,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**DYNASPLINT SYSTEMS, INC.** and **GEORGE HEPBURN,**<br><br>**Defendants.** | Civil Action No. 10:2085<br>Section: "N" (2)<br><br><br>J. ENGELHARDT<br>MAG. WILKINSON |

## STATE OF WASHINGTON'S COMPLAINT IN INTERVENTION

The State of Washington alleges as follows:

### I.   INTRODUCTION

1.   This action was originally brought by Relator Meredith Monohan Deane against Dynasplint Systems, Inc., (Dynasplint) and its president, George Hepburn, (Hepburn) (collectively the Defendants) for violations of the False Claims Act, 31 U.S.C. 3729 *et seq*. The United States has intervened claiming the Defendants obtained Medicare payments to which they were not entitled by knowingly submitting false claims for payment.

2.   Washington State brings this Complaint in Intervention against the Defendants who obtained Medicaid payments to which they were not entitled under Washington State's Medicaid program by knowingly submitting false claims for payment. From 2004 to August 2013, Defendants falsely obtained payments under the State Medicaid program which pays at least a portion of balances owed by beneficiaries after Medicare Part B has paid its share for certain durable medical equipment (DME). Defendants falsely represented their DME was provided to patients in their home or in a facility used as a home, when, in fact, they were for patients in Medicare-certified skilled nursing facilities (SNFs). Like Medicare Part B, Washington Medicaid prohibits payment for DME provided to patients in SNFs. Defendants also

1

falsely obtained payments under Washington State's Medicaid program by miscoding its billings for a non-covered item (its Dynasplint System) with a covered code (orthotics).

## II.     JURISDICTION AND VENUE

3.     On July 26, 2010, Meredith Monohan Deane (the Relator) filed a complaint on behalf of herself, the United States, and several states (not Washington State) alleging violations of the federal and state False Claims Acts against the Defendants.

4.     On August 15, 2012, the United States filed its Notice of Election to Intervene and on December 14, 2012, filed its Complaint of Intervention.

5.     This Court has subject matter jurisdiction to entertain the original action filed by Relator under 28 U.S.C. § 1331 and § 1345, and pursuant to 31 U.S.C. § 3732(b), 31 U.S.C. § 3730 and 28 U.S.C. § 1367(a), has supplemental jurisdiction to entertain state statutory, common law and equitable causes of action as well as actions that arise from the same transaction or occurrence as an action brought under 31 U.S.C. § 3730.

## III.    PARTIES

6.     The State of Washington brings this action on behalf the Washington Health Care Authority (HCA) and the Department of Social and Health Services (DSHS) which manage the State's Medicaid program.

7.     The United States has intervened on behalf of its Department of Health and Human Services (HHS), its Office of Counsel to the Inspector General, and its Centers for Medicare and Medicaid Services (CMS) which manages the Medicare program.

8.     Relator Meredith Monohan Dean worked as a Dynasplint sales representative from 2006 through 2010.

9.     Dynasplint is a national durable medical equipment provider. It provides spring-loaded tensioning devices intended to improve range of motion for patients recovering from surgery, injury or stroke. Dynasplint headquarters are located in Severna Park, Maryland. It does business throughout the United States, including the State of Washington and New Orleans, Louisiana.

10. George Hepburn is the founder, sole owner and president of Dynasplint. His office is located at Dynasplint headquarters in Severna Park, Maryland.

## IV. BACKGROUND

### The Medicaid Program

11. Medicaid is a joint federal-state program that provides health care benefits for certain groups, primarily the poor and disabled. The federal involvement in Medicaid is to provide matching federal funds and to ensure that states comply with minimum standards in the administration of the program.

12. The federal Medicaid statute sets the minimum requirements for state Medicaid programs to qualify for federal funding, which is called federal financial participation. 42 U.S.C. § 1396, *et seq.*

13. At all times relevant hereto, the United States provided funds to the State of Washington for its Medicaid program. Between February 2007 and May 2012, the Washington Medicaid program was administered through the State of Washington Department of Social and Health Services (DSHS) and the State of Washington Health Care Authority (HCA) (collectively, the "Washington Single State Agency," or "WA-SSA"). On July 1, 2011, HCA became the WA-SSA primarily responsible for administering the Washington Medicaid program.

14. The Washington Medicaid program directly and/or through its vendors pay health care providers, including pharmacies and physicians, according to established rates, and the federal government then pays a statutorily established share of "the total amount expended . . . as medical assistance under the State plan." See 42 U.S.C. §§ 1396b(a)(l). The State of Washington provided a portion of the funds used to pay claims under the Washington Medicaid program.

15. Medicaid eligibility criteria and benefits are determined on a state-by-state basis. Medicaid is a medical assistance program authorized under chap. 74.09 RCW.

16. Statutes pertaining to the Washington Medicaid program are set out in part under chap. 74.09 RCW. RCW 74.09.520 provides for certain care and services, and also allows HCA

to establish by rule other services that will be provided under the program. HCA has implemented administrative rules relating to the Medicaid program, found in large part in Title 182 WAC.

17. The Washington Medicaid program provides for the reimbursement of durable medical equipment provided to Medicaid eligible recipients. The Washington Medicaid program also covers orthotics provided to Medicaid eligible recipients. WAC 182-543-5000. However, when the recipient is eligible for both Medicare and Medicaid and is residing in a skilled nursing facility, Medicaid does not reimburse for DME. WAC 182-543-5700(8).

18. Skilled nursing facilities charge and are paid based on a daily rate per patient that in government programs typically include the cost of DME used by its patients. The daily rate is often paid for by Medicare Part A or by Medicaid. Thus, any separate additional DME payment to a DME provider for SNF patients is duplicative. The DME provider must bill the SNF for DME provided to its patients and the SNF can pay the provider out of its daily rate; the DME provider may not bill Medicare Part B or Medicaid.

19. Healthcare providers must enroll in the Washington Medicaid program in order to be paid for providing healthcare services including DME to Washington Medicaid clients. Several conditions of payment apply to claims submitted by Washington Medicaid providers. For example, "[t]he Agency only pays claims submitted by or on behalf of a . . . supplier or contractor of service that has an approved core provider agreement with the agency . . . ." WAC 182-502-0005(1). The Washington Medicaid program expects providers to comply with the terms of the Provider Agreement on an ongoing basis and specifically in the submission of claims.

20. This requirement is reinforced elsewhere in the Washington administrative rules, to-wit: "To continue to provide services for eligible clients and be paid for those services, a provider must: . . . [p]rovide all services according to federal and state laws and rules, Medicaid agency billing instructions, numbered memoranda issued by the agency, and other written directives from the agency." WAC 182-502-0016(1)(b).

21. In addition to complying with state and federal law, providers submitting claims to the Washington Medicaid program must follow the billing requirements found in the agency ProviderOne Billing and Resources Guide.

### Dynasplint and the Washington Medicaid Program

22. During all relevant times, Dynasplint was enrolled as a Washington Medicaid provider. This action is for false claims submitted by Dynasplint to the Washington Medicaid program from 2004 to August 2013.

23. On August 23, 2013, the U.S. Department of Justice notified the HCA of an investigation against the defendants, U.S. ex rel. Deane v. Dynasplint and Hepburn, Case No. 10:2085 (E.D. La.). HCA suspended payments to defendants effective August 29, 2013.

24. DME data for Washington Medicaid clients was reviewed for proper place of service. One hundred percent (100%) of the claims reviewed were submitted with a place of service of "12" i.e. home. One hundred percent of the claims reviewed were for clients in a SNF on the date of service for which there was a payment made to the facility by HCA. Defendants have knowingly miscoded the place of service on its billings to obtain Medicaid payments to which they were not entitled.

25. The Healthcare Common Procedure Coding System (HCPCS) is a standardized national coding system for describing the specific items and services in the delivery of health care. Such coding is used by Medicare, Medicaid, private insurers, providers and suppliers who engage in health care transactions. Use of HCPCS codes ensure that claims are processed in an orderly and consistent manner including decisions on coverage and payment.

26. DME data for Washington Medicaid clients was reviewed to determine what was actually provided to the client. Dynasplint provides only one type of product, its Dynasplint System which consists of spring-loaded tensioning devices intended to improve range of motion for patients. The appropriate HCPCS codes to use when billing Medicaid for these devices is a set of HCPCS codes that begin with "E18". Devices with the "E18" HCPCS codes **are not** a Washington State Medicaid covered service.

27.     The appropriate HCPCS codes to use when billing Medicaid for certain orthotic devices (not the Dynasplint system) is a set of HCPCS codes that begin with "L". The "L" HCPCS codes **are** a Washington State Medicaid covered service. Since 2004, Dynasplint has submitted and Medicaid has paid more than 400 claims for clients who received the Dynasplint System and were billed with HCPCS codes that begin with "L" (orthotics) instead of "E18" (Dynasplint System). Defendants have knowingly miscoded its billings using the "L" HCPCS codes to obtain Medicaid payments to which they were not entitled.

28.     By virtue of submitting claims to the Washington Medicaid program, providers periodically expressly or impliedly certify that they are in compliance with state and federal laws relating to the provision of healthcare services, equipment, and supplies under the Medicaid program.

29.     The false claims and false statements submitted or used or caused to be submitted or used by Dynasplint and Hepburn violated the Washington State False Claims Act, the Washington State Fraudulent Practices Act, breached their Provider Agreement with Washington State and resulted in their unjust enrichment. As owner of Dynasplint, Hepburn benefitted financially from the Medicaid money Dynasplint improperly obtained.

## COUNT I.

### FALSE CLAIMS ACT: PRESENTATION OF FALSE CLAIMS
### RCW 74.66 et seq.

30.     The State of Washington repeats and re-alleges each allegation in paragraphs 1 through 27, as if fully set forth herein.

31.     Dynasplint and Hepburn knowingly presented or caused to be presented false or fraudulent claims for payment or approval to the State of Washington.

32.     By virtue of the false or fraudulent claims made or caused to be made by Dynasplint and Hepburn, the State of Washington suffered damages and therefore is entitled to treble damages under its False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT II

### FRAUDULENT PRACTICES ACT
### RCW 74.09.210 et seq.

33. The State of Washington repeats and re-alleges each allegation in paragraphs 1 through 30, as if fully set forth herein.

34. Dynasplint and Hepburn knowingly presented or caused to be presented false or fraudulent claims for payment or approval to the State of Washington.

35. By virtue of the false or fraudulent claims made or caused to be made by Dynasplint and Hepburn, the State of Washington suffered damages and therefore is entitled to treble damages under its Fraudulent Practices Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT III

### BREACH OF CONTRACT

36. The State of Washington repeats and re-alleges each allegation in paragraphs 1 through 33, as if fully set forth herein.

37. Dynasplint and Hepburn entered into one or more Provider Agreements with the State of Washington in order to become a Medicaid provider and to participate in the Washington Medicaid program. Under the terms of the Provider Agreements, Dynasplint and Hepburn agreed to abide by state and federal law governing Medicaid, including but not limited to regulations and billing instructions. Dynasplint and Hepburn breached the terms of the Provider Agreements by submitting false or fraudulent claims and receiving payment for equipment and services they were not entitled to.

38. By virtue of the breach of contract by Dynasplint and Hepburn, the State of Washington suffered damages and therefore is entitled to damages, including pre and post judgment interest, incidental and consequential damages, all to be determined at trial.

## COUNT IV

## UNJUST ENRICHMENT

39. The State of Washington repeats and re-alleges each allegation in paragraphs 1 through 36, as if fully set forth herein.

40. This is a claim for recovery of monies by which Dynasplint and Hepburn have been unjustly enriched.

41. By directly or indirectly obtaining Medicaid funds to which they were not entitled, Dynasplint and its sole owner, Hepburn, were unjustly enriched, and are liable to account and pay such amounts, or the proceeds therefrom, which are to be determined at trial, to the State of Washington.

## PRAYER FOR RELIEF

WHEREFORE, the State of Washington demands and prays that judgment be entered in favor of the State of Washington as follows:

1. On the first and second causes of action under the Washington State False Claims Act and the Washington State Fraudulent Practices Act, against Defendants Dynasplint and Hepburn, treble damages, civil penalties and costs.

2. On the third and fourth causes of action against Defendants Dynasplint and Hepburn, for breach of contract and unjust enrichment for the damages sustained and/or amounts by which these defendants were unjustly enriched, plus interest, costs and expenses.

Dated: April 24th, 2014

Respectfully submitted,

ROBERT W. FERGUSON
Attorney General of the State of Washington

By: ___/s/Paul F. James *by JMV*
PAUL F. JAMES, WSBA #13525
Assistant Attorney General
Washington State Attorney General's Office
Medicaid Fraud Control Unit
P.O. Box 40114
Olympia, WA  98504

8

Telephone: (360) 586-8888
FAX: (360) 586-8877
Email: PaulJ@atg.wa.gov
elizabethg@atg.wa.gov
PRO HAC VICE TO BE FILED SUBSEQUENT TO THIS MOTION[1]

---

[1] Counsel for Washington has specifically authorized counsel for Relator to file this initial document to allow the Clerk to recognize Washington as a party in the ECF system thereby allowing counsel for the State to appear pro hac vice.

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document on all parties or their counsel of record on the date below as follows:

☐ US Mail Postage Prepaid

☒ E-Mail/ECF

**Assistant United States Attorney**
Sharon Denise Smith
U.S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600
New Orleans, LA  70130
Telephone:  504-680-3000
Email:  Sharon.d.smith@usdoj.gov

**Assistant United States Attorney**
Michael D. Granston
Andrea Jo Larry
U.S. Department of Justice-Civil Division
Benjamin Franklin Station
P.O. Box 261
Washington, DC  20044
Telephone:  202-307-0396
Fax:  202-514-0280
Email:  andrea.larry@usdoj.gov

**Relator's Counsel:**
J. Marc Vezina
Monica P. Navarro
Vezina & Gattuso
401 Weyer St.
P.O. Box 461
Gretna, LA 70054
Telephone:  504-368-5223
Email:  jmv@vezinalaw.com
           mnavarro@vezinalaw.com

**Defense Counsel**
Thomas M. Flanagan
Andy Joseph Dupre
Charles-Theodore N. Zerner
Flanagan Partners, LLP
201 St. Charles Ave.
Suite 2405
New Orleans, LA  70170
Telephone:  504-569-0235
Fax:  504-592-0251
Email:  tflanagan@flanaganpartners.com
           adupre@flanaganpartners.com
           czerner@flanaganpartners.com

I certify under penalty of perjury under the laws of the State of Louisiana that the foregoing is true and correct.
        DATED this   24th    day of April, 2014, at Gretna, Louisiana.

/s/J. Marc Vezina
J. MARC VEZINA
Relator's Counsel[2]

---

[2] Counsel for Relator is filing this notice as he is sponsoring Counsel for the State of Washington in an upcoming Pro Hac Vice Motion for to be filed after Washington is recognized as a party plaintiff.