UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>MEREDITH MONOHAN DEANE, | CIVIL ACTION |
| VERSUS | NO. 10-2085 |
| DYNASPLINT SYSTEMS, INC. and<br>GEORGE HEPBURN | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is Defendants' Motion to Dismiss under Rule 12(b)(6) (Rec. Doc. 53) concerning Counts One, Two, and Three of the State of Washington's complaint in intervention (Rec. Doc. 50). For the reasons stated herein, **IT IS ORDERED** that the motion is hereby **GRANTED** to the extent that the claims asserted by the State of Washington, are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, if the State of Washington desires to proceed further with its claims, it must seek leave, no later than twenty (20) days from the entry of this Order and Reasons, to file an amending and superseding complaint remedying the pleading deficiencies identified herein, and taking into account the assertions made by Defendants in their memoranda (Rec. Docs. 53). If the State of Washington cannot, or does not, cure these deficiencies by timely amendment, the Court shall, upon motion by Defendant, order its dismissal to be with prejudice.

**1. Background**

This action was originally brought by Relator Meredith Monohan Deane against Dynasplint Systems, Inc. (Dynasplint) and its president, George Hepburn (Hepburn), alleging claims under the False Claims Act, 31 U.S.C. §3729, et seq as well as two (2) Washington state claims. (Rec. Doc.

50 at p.1). Dynasplint provides health care products, specifically durable medical equipment ("DME") called the Dynasplint System. (Id.). The State of Washington (Washington) brought the Complaint in Intervention (Rec. Doc. 50) on behalf of the Washington Health Care Authority (HCA) and the Department of Social and Health Services (DSHS), which administer the State's Medicaid program. In its complaint, Washington claims that defendants obtained Medicaid payments which they were not entitled to receive under Washington State's Medicaid program by knowingly submitting false billings to the State between the years 2004 and 2013. (Id. at p. 5.).

Specifically, Washington first alleges that Dynasplint submitted fraudulent bills for DMEs provided to patients in their homes or facilities used as homes when, in fact, the DMEs were issued for patients in skilled nursing facilities ("SNF"). (Id.). Washington's Medicaid program prohibits payment for DMEs provided to patients in SNFs. Washington asserts that defendants knowingly misrepresented the place of service to resemble the home, thereby obtaining funds which Dynasplint was not entitled. (Id. at p. 5.). Second, Washington alleges that defendants knowingly misidentified over four hundred (400) of its billings under the code "L," a covered service, when the correct code for the Dynasplint System was "E18," which is not covered under Washington's program. (Id. at p. 2-3.). Together the above allegations make up Counts One and Two of Washington's complaint. (Id. at p.6-7.). Third, Washington alleges that defendants breached their provider agreements, which required Dynasplint to comply with state and federal law, by knowingly submitting false claims in violation of both state and federal False Claims Acts. (Id. at p. 6.). Defendants do not challenge Washington's fourth claim for unjust enrichment in the instant motion. However, defendants do challenge Washington's first three claims in their motion to dismiss (Rec. Doc. 53) on the grounds that Washington failed to plead fraud with particularity as required under Fed. R. Civ. Proc. 9(b).

## 2. Law & Analysis

### A. Legal Principles

Rule 8 requires that complaints provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Similarly, in evaluating motions to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Iqbal, 556 U.S. at 678 ("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557); see also Christopher v. Harbury, 536 U.S. 403, 416 (2002) (elements of a plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Further, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Rather, a

complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." United States ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 186 (5th Cir. 2009).

"Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (internal citations omitted); see also Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (degree of required specificity depends on context, *i.e.*, the type of claim at issue). And, in evaluating motions to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." Campbell v. Wells Fargo Bank, N.A., 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159 (1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001). Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – "that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 678 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

In addition to Rule 8(a)(2)'s pleading demands, Rule 9(b) supplements Rule 8(a), if fraud is alleged, by requiring circumstances allegedly constituting fraud be stated with particularity. See Fed. R. Civ. Proc. 9(b); Grubbs, 565 F.3d at 185. Thus, Rule 9(b) generally requires the plaintiff to set forth the "who, what, when, where, and how" of the alleged fraud. See, e.g., United States ex rel. Steury v. Cardinal Health, Inc., 625 F.3d 262, 266 (5th Cir. 2010); see also Sullivan v. Leor Energy, LLC, 600 F.3d 542, 550-51 (2010) ([C]laimant must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.").

4

Significantly, the Fifth Circuit has explained that the "'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b)." Grubbs, 565 F.3d at 188. "Rather, the rule is context specific and flexible. Id. at 190. The rule does not require billing numbers, dates, and amounts and may survive "by alleging particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." Id. Though fraud may be alleged on information and belief if the "facts relating to the fraud are peculiarly within the perpetrator's knowledge," the complaint nevertheless "must set forth a factual basis for such belief." United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1998).

**2. Application of the Legal Principles**

The Court finds the State of Washington's allegations, as presently plead, to be legally inadequate to state a claim for relief under (1) Washington's False Claims Act, RCW 74.66, (2) Washington's Fraudulent Practices Act, RCW 74.09.210, and (3) breach of contract based on fraudulent activity that violated state and federal law.

**i. Count One: Washington's False Claims Act, RCW 74.66 et seq.**

RCW 74.66 et seq. prohibits a person from:

> (a) Knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (b) Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim...

Wash. Rev. Code Ann. § 74.66.020 (West).

Washington alleges in its complaint in intervention (Rec. Doc. 50) that Dynasplint and Hepburn knowingly presented or caused to be presented false or fraudulent claims for payment or approval to the State of Washington, and as a result Washington suffered damages under its False Claims Act, RCW 74.66. (Rec. Doc. 50, Count One). Washington avers that between the years of 2004 and 2013 defendants knowingly submitted false claims for payment by intentionally misrepresenting the device and service codes contained in the bills Dynasplint submitted to the State. (Id. at p. 1). First, Washington claims that the U.S. Department of Justice conducted an investigation against the defendants and found that 100% of the claims reviewed were submitted with false codes indicating a place of service of "12," being the home, when the claims were actually submitted for patients located in SNFs. (Id. at p.5). Second, Washington alleges that defendants fraudulently coded over 400 claims by submitting bills with the service code "L," which is covered under Washington's Medicaid program, but such claims are properly coded "E18," which is not covered under the program. (Id.).

Significantly, with regard to the first claim where defendants' allegedly misrepresented the place of service to fraudulently obtain Medicaid funds, Washington has not put forth facts sufficient to meet the more specific pleading standards found in Rule 9(b). For instance, Washington fails to indicate which of Dynasplint's submitted bills or claims are at issue in this case, or to specify the total number of claims it believes to be fraudulent.[1] Under Rule 9(b), the law provides that a complaint is sufficient if the plaintiff pleads particular details of a scheme paired with some reliable

---

[1] While not required at this pleading stage, the Plaintiff should be prepared during discovery to identify, with certainty, each and every claim at issue in the case.

indicia that the claims were actually submitted. Grubbs, 565 F.3d at 188. However, Washington's complaint fails to identify a single claim, not even by way of example, that was fraudulently submitted. Washington does not offer any evidence as to who submitted these claims *knowing that they were false* other than presumptively contending that the claims were submitted by or at the direction of Dynasplint and the president, Hepburn, himself.[2] In addition, Washington's complaint lacks particular detail with regard to why the claims are fraudulent, when the claims were submitted, and where the claims were submitted. Washington must be prepared to identify some evidence[3] that supports Count One because its instant complaint lacks sufficient particularity.

Notably, Washington correctly argues that "exact dollar amounts, billing numbers, or dates" are not required under the heightened pleading standards; however, the defendants in this case are entitled to the minimum form of fair notice described above. See Grubbs, 565 F.3d at 186. Washington also correctly points out that the pleading requirements are relaxed somewhat when the facts are peculiarly within the defendant's knowledge. Thompson, 125 F.3d at 903. Although, in this case, Washington is incorrect that it is entitled to the relaxed standard. Washington fails to recognize that it specifically alleges that the U.S. Department of Justice conducted an investigation into Dynasplint's billing practices, and, during that investigation, discovered that 100% of the claims reviewed were improperly coded. (Rec. Doc. 50 at p. 5.) Thus, in addition to the defendants, the Department of Justice clearly has some, if not all, of the information needed to allege sufficient

---

[2] Defendants did not argue that Washington's complaint lacked the requisite knowledge element, however the complaint conspicuously fails to identify a single person who knew these claims were being submitted to Washington under false pretense. The allegations in the complaint do not distinguish between claims that were in fact fraudulent and claims that were merely submitted incorrectly.

[3] For instance, evidence of client or patient name, SNF location, amount of the claim, date, etc.

factual matter to comply with Rule 9(b). Thus, the Court will not allow the State of Washington to proceed under a relaxed pleading standard.

Defendants generally argue that Washington's complaint fails to specify which allegedly fraudulent claims fall under RCW 74.66 and which are covered under RCW 74.09.210. Because the RCW 74.66 was enacted in June of 2012, defendants contend that Washington cannot "vaguely pursue" all claims submitted during the period of 2004 to 2013 but are limited only to pursue claims submitted after the effective date of the statute. (Rec. Doc. 53-1 at p. 8). However, the law does not require Washington to definitively assign each alleged claim to its applicable statute. As previously mentioned, Washington should be prepared, but is not required at this stage, to identify each claim with precision, which would indicate the claims, if any, that are subject to Washington's False Claims Act as opposed to its Fraudulent Practices Act. Importantly, Washington stipulates in its opposition that Count One only applies to fraudulent billings submitted after June 2012, and Count Two, based on violations of RCW 74.09.210, applies to any fraudulent conduct occurring prior to the effective date of 74.66. (Rec. Doc. 56 at p. 8).

With regard to the second alleged scheme where by Washington contends that defendants knowingly miscoded over four hundred (400) fraudulent bills that were not covered under the Medicaid program, Washington's complaint fails for the same reasons stated above. While Washington has provided some estimate of the total number of claims, it, again, fails to sufficiently allege the "who, what, when, where, and how" of the alleged fraud as required under Rule 9(b). See Steury, 625 F.3d at 266. Washington must correct these deficiencies in the manner identified above in order to survive dismissal of Count One of its complaint.

### ii. Count Two: Washington's Fraudulent Practices Act, RCW 74.09.210

RCW 74.09.210 provides:

(1) No person, firm, corporation, partnership, association, agency, institution, or other legal entity, but not including an individual public assistance recipient of health care, shall, on behalf of himself or herself or others, obtain or attempt to obtain benefits or payments under this chapter in a greater amount than that to which entitled by means of:

    (a) A willful false statement;

    (b) By willful misrepresentation, or by concealment of any material facts; or

    (c) By other fraudulent scheme or device, including, but not limited to:

        (i) Billing for services, drugs, supplies, or equipment that were unfurnished, of lower quality, or a substitution or misrepresentation of items billed; or

        (ii) Repeated billing for purportedly covered items, which were not in fact so covered."

Wash. Rev. Code Ann. § 74.09.210 (West). Based on the same reasoning declared above, Washington has failed to plead Count Two with particularity (illustrated by the statute's subsections a, b, and c) by failing to include the requisite "who, what, when, where, and how" of the alleged fraud such that the defendants were put on fair notice. Washington must amend its complaint in

intervention to satisfy the heightened pleading standards of Rule 9(b) or risk dismissal of Count Two.

### iii. Count Three: Breach of Contract

Defendants move for dismissal of Count Three of Washington's complaint in intervention declaring that Washington has, for a third time, failed to plead with particularity as required by Rule 9(b) because Washington's claim for breach of contract "arises by reason of fraud" and, therefore, must comply with the Rule. (Rec. Doc. 53-1 at p. 6). Washington failed to address defendants arguments for dismissal of Count Three in its opposition.[4] Nonetheless, the Court will address the applicability of Rule 9(b) to this particular claim.

A breach of contract claim requires that the contract imposed a duty on a party, the duty was breached, and the breach proximately caused damages. <u>Indep. Forest Mfrs. v. Dep't of Labor & Indus.</u>, 78 Wash. App. 707, 712, 899 P.2d 6, 9 (1995). As previously stated, Rule 9(b) requires the plaintiff to establish the "who, what, when, where, and how" when fraud is alleged. Washington has failed to sufficiently plead with particularity its claim for breach of contract based on violations of state and federal law. Based on the same missing factors discussed above concerning Counts One and Two of Washington's complaint, Washington has not met the heightened pleading standards of Rule 9(b) with regard to its breach of contract claim. Therefore, Washington must amend its pleadings to conform with the Federal Rules or Count Three will be subject to dismissal.

## 3. Conclusion

---

[4]In its opposition (Rec. Doc. 56 at p. 8), Washington briefly mentions, "For reasons not clear, Dynasplint has moved to dismiss Count Three... for the same lack of pleading clarity...." It does not address Count Three again in the memorandum.

For the reasons stated above, **IT IS ORDERED** that the motion to dismiss presently before the Court is **GRANTED** to the extent that the claims asserted by the State of Washington, are **DISMISSED WITHOUT PREJUDICE**. Any amendments ordered by the Court are to be made, in accordance with the Court's instructions stated above, no later than twenty (20) days following entry of this Order and Reasons.

New Orleans, Louisiana, this 5th day of September 2014.

_____
**KURT D. ENGELHARDT
United States District Judge**