UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MEREDITH MONOHAN DEANE,<br><br>Plaintiffs,<br><br>v.<br><br>DYNASPLINT SYSTEMS, INC. and GEORGE HEPBURN,<br><br>Defendants. | Civil Action No. 10:2085<br>Section: "N" (2)<br><br><br>J. ENGELHARDT<br>MAG. WILKINSON |

**STATE OF WASHINGTON'S FIRST AMENDED COMPLAINT IN INTERVENTION**

The State of Washington alleges as follows:

## I.  INTRODUCTION

1. This action was originally brought by Relator Meredith Monohan Deane against Dynasplint Systems, Inc., (Dynasplint) and its president, George Hepburn, (Hepburn) (collectively the Defendants) for violations of the False Claims Act, 31 U.S.C. 3729 *et seq*. The United States has intervened claiming the Defendants obtained Medicare payments to which they were not entitled by knowingly submitting false claims for payment.

2. Washington State brings this First Amended Complaint in Intervention against the Defendants who obtained Medicaid payments to which they were not entitled under Washington State's Medicaid program by knowingly submitting false claims for payment. From 2004 to August 2013, Defendants falsely obtained payments under the State Medicaid program which pays at least a portion of balances owed by Medicaid beneficiaries (also referred to as "clients" or "residents") after Medicare Part B has paid its share for certain durable medical equipment, and orthotics (hereinafter "DME"). Defendants falsely represented their DME was provided to residents in their home or in a facility used as a home, when, in fact, they were for residents in certified skilled nursing facility beds (SNF). Like Medicare Part B, Washington Medicaid prohibits payment for DME provided to residents in SNF beds. Defendants falsely obtained

1

payment under Washington State's Medicaid program by misrepresenting the place of service and directly billing the Medicaid program, instead of obtaining payment from the SNF, which they would be required to do, because Medicaid already paid for the DME billed by the Defendants in the daily rate Medicaid paid to the SNF.

## II. JURISDICTION AND VENUE

3. On July 26, 2010, Meredith Monohan Deane (the Relator) filed a complaint on behalf of herself, the United States, and several states (not Washington State) alleging violations of the federal and state False Claims Acts against the Defendants.

4. On August 15, 2012, the United States filed its Notice of Election to Intervene and on December 14, 2012, filed its Complaint of Intervention.

5. This Court has subject matter jurisdiction to entertain the original action filed by Relator under 28 U.S.C. § 1331 and § 1345, and pursuant to 31 U.S.C. § 3732(b), 31 U.S.C. § 3730 and 28 U.S.C. § 1367(a), has supplemental jurisdiction to entertain state statutory, common law and equitable causes of action as well as actions that arise from the same transaction or occurrence as an action brought under 31 U.S.C. § 3730.

## III. PARTIES

6. The State of Washington brings this action on behalf of the State of Washington, and the Washington Health Care Authority (HCA) and the Department of Social and Health Services (DSHS) which manage the State's Medicaid program.

7. The United States has intervened on behalf of its Department of Health and Human Services (HHS), its Office of Counsel to the Inspector General, and its Centers for Medicare and Medicaid Services (CMS) which manages the Medicare program.

8. Relator Meredith Monohan Deane worked as a Dynasplint sales representative from 2006 through 2010.

9. Dynasplint is a national durable medical equipment provider. It provides spring-loaded tensioning devices and other DME product. Dynasplint headquarters are located in

Severna Park, Maryland. It does business throughout the United States, including the State of Washington and New Orleans, Louisiana.

10. George Hepburn is the founder, sole owner and president of Dynasplint. His office is located at Dynasplint headquarters in Severna Park, Maryland.

## IV. BACKGROUND

### The Medicaid Program

11. Medicaid is a joint federal-state program that provides health care benefits for certain groups, primarily the poor and disabled. The federal involvement in Medicaid is to provide matching federal funds and to ensure that states comply with minimum standards in the administration of the program.

12. The federal Medicaid statute sets the minimum requirements for state Medicaid programs to qualify for federal funding, which is called federal financial participation or "FFP." 42 U.S.C. § 1396, *et seq.*

13. Prior to 2011, the Washington Medicaid "Single State Agency" (SSA) was the State of Washington Department of Social and Health Services (DSHS). On July 1, 2011, the Washington State Health Care Authority (HCA) became the SSA. Although HCA is now designated the SSA, both agencies cooperatively administer various parts of the Washington Medicaid program.

14. The Washington Medicaid program directly and/or through its vendors pay health care providers, including pharmacies and physicians, according to established rates, and the federal government then pays a statutorily established share of "the total amount expended . . . as medical assistance under the State plan." See 42 U.S.C. §§ 1396b(a)(l). The State of Washington provided a portion of the funds used to pay claims under the Washington Medicaid program.

15. Medicaid eligibility criteria and benefits are determined on a state-by-state basis. Medicaid is a medical assistance program authorized under chap. 74.09 RCW.

16. Statutes pertaining to the Washington Medicaid program are set out in part under chap. 74.09 RCW. RCW 74.09.520 provides for certain care and services, and also allows HCA

to establish by rule other services that will be provided under the program. HCA has implemented administrative rules relating to the Medicaid program, found in large part in the Wash. Admin. Code 182, and prior to 2011, in Wash. Admin. Code 388.

17. The Medicaid program provides for the reimbursement of DME provided to Medicaid clients. However, when a Medicaid client resides in a skilled nursing facility (SNF) bed, Medicaid does not reimburse for DME. Wash. Admin. Code 388-543-1100(5) and 388-543-1100(12) (2002-2011) and Wash. Admin. Code 182-543-5700(8) and 182-543-9000(9) (effective August 1, 2011).

18. Medicare and Medicaid pay skilled nursing facilities based on a daily rate per resident that includes the cost of most DME products ordered for residents and at issue in this Complaint. The daily rate may be paid for by Medicare and Medicaid (referred to as a "cross over claim"), or by Medicaid alone. In this case, the Defendants were required to seek payment for their DME products only from the SNF where the resident resided. Thus, any separate additional Medicaid payment to the Defendants for SNF residents was duplicative. The DME provider must bill the SNF for DME provided to its residents and the SNF must pay the DME provider out of its daily rate; the DME provider may not bill Medicare or Medicaid.

19. Healthcare providers must enroll in the Washington Medicaid program in order to be paid for providing healthcare services including DME to Washington Medicaid clients. Several conditions of payment apply to claims submitted by Washington Medicaid providers. For example, "[t]he Agency only pays claims submitted by or on behalf of a . . . supplier or contractor of service that has an approved core provider agreement with the agency . . . ." Wash. Admin. Code 182-502-0005(1). The Washington Medicaid program expects providers to comply with the terms of the Provider Agreement on an ongoing basis and specifically in the submission of claims.

20. This requirement is reinforced elsewhere in the Washington administrative rules, to-wit: "To continue to provide services for eligible clients and be paid for those services, a provider must: . . . [p]rovide all services according to federal and state laws and rules, Medicaid

agency billing instructions, numbered memoranda issued by the agency, and other written directives from the agency." Wash. Admin. Code 182-502-0016(1)(b).

21. In addition to complying with state and federal law, providers submitting claims to the Washington Medicaid program must follow the billing requirements found in the agency ProviderOne Billing and Resources Guide.

### Dynasplint and the Washington Medicaid Program

22. During all relevant times, Dynasplint was enrolled as a Washington Medicaid provider. This action is for false claims submitted by Dynasplint to the Washington Medicaid program from 2004 to August 2013.

23. On August 23, 2013, the U.S. Department of Justice notified the HCA of an investigation against the defendants, U.S. ex rel. Deane v. Dynasplint and Hepburn, Case No. 10:2085 (E.D. La.). HCA suspended payments to defendants effective August 29, 2013.

24. Defendants' DME billings to the Medicaid program were reviewed for proper place of service. Prior to June 7, 2012, the defendants submitted 7,799 claims with a place of service of either "12" i.e. home or "33" i.e. custodial care facility. However, the evidence shows that one hundred percent of those claims were for clients who actually resided in a SNF on the date of service. Rather than obtain payment from the SNF, which they would be required to do, Defendants knowingly miscoded the place of service and submitted claims directly to the Medicaid program and obtained $281,635.34 in Medicaid payments to which they were not entitled.

25. After June 6, 2012, the defendants submitted 1,448 claims with a place of service of "12" i.e. home or "33" i.e. custodial care facility. However, the evidence shows that one hundred percent of those claims were for clients who actually resided in a SNF on the date of service. Rather than obtain payment from the SNF, defendants knowingly miscoded the place of service and submitted claims directly to the Medicaid program and obtained $54,381.17 in Medicaid payments to which they were not entitled.

26. By virtue of submitting claims to the Washington Medicaid program, providers periodically expressly or impliedly certify that they are in compliance with state and federal laws relating to the provision of healthcare services, equipment, and supplies under the Medicaid program.

27. The false claims and false statements submitted or used or caused to be submitted or used by Dynasplint and Hepburn violated the Washington State False Claims Act, the Washington State Fraudulent Practices Act, breached their Provider Agreement with Washington State and resulted in their unjust enrichment. As owner of Dynasplint, Hepburn benefitted financially from the Medicaid money Dynasplint improperly obtained.

## COUNT I.

### FALSE CLAIMS ACT: PRESENTATION OF FALSE CLAIMS
### RCW 74.66 et seq.

28. The State of Washington repeats and re-alleges each allegation in paragraphs 1 through 27, as if fully set forth herein.

29. Dynasplint and Hepburn knowingly presented or caused to be presented false or fraudulent claims for payment or approval to the State of Washington.

30. By virtue of the false or fraudulent claims made or caused to be made by Dynasplint and Hepburn, the State of Washington suffered damages and therefore is entitled to treble damages under its False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT II

### FRAUDULENT PRACTICES ACT
### RCW 74.09.210 et seq.

31. The State of Washington repeats and re-alleges each allegation in paragraphs 1 through 30, as if fully set forth herein.

32. Dynasplint and Hepburn knowingly presented or caused to be presented false or fraudulent claims for payment or approval to the State of Washington.

33. By virtue of the false or fraudulent claims made or caused to be made by Dynasplint and Hepburn, the State of Washington suffered damages and therefore is entitled to treble damages under its Fraudulent Practices Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT III

## BREACH OF CONTRACT

34. The State of Washington repeats and re-alleges each allegation in paragraphs 1 through 33, as if fully set forth herein.

35. Dynasplint and Hepburn entered into one or more Provider Agreements with the State of Washington in order to become a Medicaid provider and to participate in the Washington Medicaid program. Under the terms of the Provider Agreements, Dynasplint and Hepburn agreed to abide by state and federal law governing Medicaid, including but not limited to regulations and billing instructions. Dynasplint and Hepburn breached the terms of the Provider Agreements by submitting false or fraudulent claims and receiving payment for equipment and services they were not entitled to.

36. By virtue of the breach of contract by Dynasplint and Hepburn, the State of Washington suffered damages and therefore is entitled to damages, including pre and post judgment interest, incidental and consequential damages, all to be determined at trial.

## COUNT IV

## UNJUST ENRICHMENT

37. The State of Washington repeats and re-alleges each allegation in paragraphs 1 through 36, as if fully set forth herein.

38. This is a claim for recovery of monies by which Dynasplint and Hepburn have been unjustly enriched.

39. By directly or indirectly obtaining Medicaid funds to which they were not entitled, Dynasplint and its sole owner, Hepburn, were unjustly enriched, and are liable to

account and pay such amounts, or the proceeds therefrom, which are to be determined at trial, to the State of Washington.

## PRAYER FOR RELIEF

WHEREFORE, the State of Washington demands and prays that judgment be entered in favor of the State of Washington as follows:

1. On the first and second causes of action under the Washington State False Claims Act and the Washington State Fraudulent Practices Act, against Defendants Dynasplint and Hepburn, treble damages, civil penalties and costs.

2. On the third and fourth causes of action against Defendants Dynasplint and Hepburn, for breach of contract and unjust enrichment for the damages sustained and/or amounts by which these defendants were unjustly enriched, plus interest, costs and expenses.

DATED this __17th__ day of September, 2014.

Respectfully submitted,

ROBERT W. FERGUSON
Attorney General of the State of Washington

/s/*Carrie L. Bashaw*
CARRIE L. BASHAW, WSBA #20253
Senior Counsel
Medicaid Fraud Control Unit
P.O. Box 40114
Olympia, WA 98504
Telephone: (360) 586-8888
Fax: (360) 586-8877

# CERTIFICATE OF SERVICE

I certify that I served a copy of this document on all parties or their counsel of record on the date below as follows:

☐ US Mail Postage Prepaid

☒ E-Mail/ECF

**Assistant United States Attorney**
Sharon Denise Smith
U.S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600
New Orleans, LA 70130
Telephone: 504-680-3000
Email: Sharon.d.smith@usdoj.gov

**Assistant United States Attorney**
Michael D. Granston
Andrea Jo Larry
U.S. Department of Justice-Civil Division
Benjamin Franklin Station
P.O. Box 261
Washington, DC 20044
Telephone: 202-307-0396
Fax: 202-514-0280
Email: andrea.larry@usdoj.gov

**Relator's Counsel:**
J. Marc Vezina
Monica P. Navarro
Vezina & Gattuso
401 Weyer St.
P.O. Box 461
Gretna, LA 70054
Telephone: 504-368-5223
Email: jmv@vezinalaw.com
mnavarro@vezinalaw.com

**Defense Counsel**
Thomas M. Flanagan
Andy Joseph Dupre
Charles-Theodore N. Zerner
Flanagan Partners, LLP
201 St. Charles Ave.
Suite 2405
New Orleans, LA 70170
Telephone: 504-569-0235
Fax: 504-592-0251
Email: tflanagan@flanaganpartners.com
adupre@flanaganpartners.com
czerner@flanaganpartners.com

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 17th day of September, 2014, at Olympia, Washington.

/s/*Elizabeth Gilletti*
ELIZABETH GILLETTI
Legal Assistant
Washington State Attorney General's Office
Medicaid Fraud Control Unit
P.O. Box 40114
Olympia, WA 98504
Telephone: (360) 586-8882
FAX: (360) 586-8877
Email: elizabethg@atg.wa.gov