## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* | * | **CIVIL ACTION NO: 10-2085** |
| | * | |
| **MEREDITH MONOHAN DEANE** | * | **JUDGE:  ENGELHARDT** |
| | * | |
| **Versus** | * | **SECTION: N** |
| | * | |
| **DYNASPLINT SYSTEMS, INC. and** | * | **MAG. JUDGE:  WILKINSON** |
| **GEORGE HEPBURN** | * | |
| | * | **MAG. DIV.: 2** |
| | * | |

* * * * * * * * * * * * * * * * * * *

### DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Dynasplint Systems, Inc. ("Dynasplint") respectfully moves the Court for partial summary judgment on a key component of the plaintiffs' claims under the False Claims Act.

### I.

Dynasplint manufactures and distributes medical devices used for range-of-motion rehabilitation. Upon prescription by a doctor, it has supplied its splints to Medicare Part B beneficiaries who reside in nursing homes. It is undisputed that these products were medically necessary, actually furnished to the beneficiaries, and functioned as intended.

### II.

The government alleges that Dynasplint submitted claims that "are false because they misrepresented that they were for [durable medical equipment or "DME"] provided to patients in their home or in a facility used as a home when, in fact, they were for DME provided to

patients *in Medicare-certified skilled nursing facilities (SNFs).*"[1] Dynasplint seeks summary judgment as to this legal theory of falsity and requests that the allegation be stricken from the complaint.

### III.

The government's allegation, which relies upon a presumption about facilities based only upon their certification status, is legally incorrect. Under the applicable regulations, Medicare Part B pays for medical equipment like splints that a beneficiary uses at "home or in an institution used as a home."[2] But a beneficiary may not use an institution as a "home" if it meets the definition of a SNF provided under section 1819(a)(1) of the Social Security Act. That provision defines a SNF as an institution "*primarily engaged* in providing to residents… skilled nursing" or rehabilitative care.[3]

### IV.

As a matter of law, to establish that Dynasplint's claims were not properly payable based on the beneficiary's residence, the government must prove that the facilities at issue met the substantive definition of a SNF under section 1819(a)(1). It may not presume that this requirement has been met based on the facility's *certification status*.

### V.

This motion thus presents a narrow but important question of law: May a Medicare Part B beneficiary who resides within an institution that (a) is certified to serve as a skilled nursing facility, but (b) is not "primarily engaged" in providing skilled nursing or rehabilitative care,

---

[1]   Rec. Doc. 20, Gov't. Complaint, ¶ 2 (emphasis added).

[2]   42 C.F.R. § 410.38(a).

[3]   Social Security Act § 1819(a)(1) (enacted at 42 U.S.C. § 1395i-3(a)).

receive the benefit of having medically necessary DME billed to and paid by the federal government? As shown in the accompanying memorandum, the answer to that question is "yes."

WHEREFORE, Dynasplint requests that this Court grant summary judgment as to the government's legal theory of falsity that presumes that beneficiaries residing within institutions certified by Medicare as SNFs are categorically ineligible for DME benefits under Part B.[4] Further, Dynasplint requests that the government's contrary conclusion cited above (see text at n. 1, *supra*) be stricken from the complaint.

Respectfully submitted,

/s/      Thomas M. Flanagan

| | |
|---|---|
| **Of Counsel:** | Thomas M. Flanagan (#19569) |
| Bradley W. Howard | Andy Dupre (#32437) |
| Jill S. Vogel | Charles-Theodore Zerner (#34832) |
| BROWN & FORTUNATO, P.C. | FLANAGAN PARTNERS LLP |
| 905 S. Fillmore, Suite 400 | 201 St. Charles Avenue, Suite 2405 |
| Amarillo, TX 79105 | New Orleans, LA 70170 |
| Telephone: 806-345-6300 | Telephone: (504) 569-0235 |
| Facsimile: 806-345-6363 | Facsimile: (504) 592-0251 |

Attorneys for defendants Dynasplint Systems, Inc. and George Hepburn

---

[4]      Rec. Doc. 20, Gov't. Complaint, ¶ 2 (emphasis added).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served upon opposing counsel of record this 28th day of October, 2014, by e-filing same into the CM/ECF system, which will automatically deliver a copy of same to all counsel.

/s/          Thomas Flanagan